UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Case No. 25-81226 |
| HANSEN-MUELLER CO.,[1] | Chapter 11 |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR
DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES AND
(B) DEEMING THE UTILITY COMPANIES ADEQUATELY ASSURED OF PAYMENT**

Hansen-Mueller Co., debtor and debtor-in-possession (the "Debtor") in the above-referenced chapter 11 case (the "Case"), requests entry of an order, substantially in the form attached hereto, (a) prohibiting the Utility Companies[2] from altering, refusing or discontinuing the Utility Services on account of prepetition invoices and (b) deeming the Utility Companies adequately assured of payment for continued Utility Services,[3] pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1 of the Nebraska Rules of Bankruptcy Procedure (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of Debtor's federal tax identification number, is: Hansen-Mueller Co. (9385). The Debtor's location is 13321 California Street, Suite 100, Omaha, NE 68154.

[2] All capitalized terms not immediately defined shall have the meanings ascribed to them hereinafter.

[3] The relief sought herein would be subject to: (a) any order approving the Debtor's use of cash collateral and/or any postpetition financing facilities (the "Cash Collateral Order"), the documentation in respect of any such postpetition financing facilities and/or use of cash collateral (the "Cash Collateral Documents"), the budget governing any such postpetition financing and/or use of cash collateral (the "Cash Collateral Budget"); and (b) any and all claims, liens, security interests, and priorities granted in connection with such postpetition financing facilities and/or use of cash collateral (the "Cash Collateral Claims").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and the Debtor consents to entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1.

**BACKGROUND**

4. The Debtor filed its voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on November 17, 2025 (the "Petition Date").

5. The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this Chapter 11 case, and no committees have been appointed or designated.

6. A detailed description of the Debtor and its business, the facts and circumstances leading up to the filing of this Chapter 11 case, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Compton, Chief Restructuring Officer of Debtor Hansen-Mueller Co., in Support of Chapter 11 Petition and First Day Motions*, (the "First Day Declaration"), filed contemporaneously herewith.

## UTILITY SERVICES

7. In connection with the operation of its business, the Debtor obtained the following utility services: (a) electricity service from Nodak Electric Cooperative, Midamerican Energy, Entergy, Minnesota Power, Evergy, Superior Water Light & Power, and Kansas City Board of Public Utilities; (b) water, and sewer service from Agassiz Water Users District, City of Sioux City, KC Water Services, Comfortsystems, Council Bluffs Water Works, City of Superior-Stormwater Utility, and City of Toledo Dept of Public Utilities; (c) commercial gas from Kansas City Board of Public Utilities, Midamerican Energy, Xcel Energy, and Constellation Newenergy, Columbia Gas; (d) telephone services from RingCentral, Verizon, and AT&T; and (e) Internet service from Fusion, LLC, Great Plains Communications, Sierra Wireless, Google Fiber, Spectrum (collectively, the "Current Utility Companies"). Although these are currently the only known utility providers to the Debtor, the Debtor nevertheless requests that the relief sought herein apply to all utility services (collectively, the "Utility Services") provided to the Debtor by all utility companies including, but not limited to, the Current Utility Companies, (collectively, the "Utility Companies"). The Debtor estimates that the average monthly amount owed to the Utility Companies is approximately $100,000.00. A chart enumerating the Debtor's average monthly expenditures for services provided by each of the Current Utility Companies is attached hereto as Exhibit A.[4]

8. The Debtor owes certain amounts to Utility Companies as of the Petition Date for prepetition Utility Services. Due to the timing of the Petition Date in relationship to the Utility

---

[4] While the Debtor has used its best efforts to list its Utility Companies in Exhibit A, the Debtor may have inadvertently omitted certain Utility Companies from Exhibit A. Accordingly, the Debtor requests that it be authorized, without further order of the Court, to amend Exhibit A to add any Utility Companies that were omitted therefrom and that the relief requested herein apply to all such entities added to Exhibit A  In addition, the Debtor reserves the right to argue that (a) any of the entities now or hereafter listed in Exhibit A is not a "utility" within the meaning of Bankruptcy Code § 366; and (b) any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtor notwithstanding the filing of this Chapter 11 case.

Companies' billing cycles, the Debtor is also aware of Utility Services that have been invoiced to the Debtor for which payment is not yet due and Utility Services that have been provided since the end of the last billing cycle but not yet invoiced to the Debtor.

9. Uninterrupted Utility Services are essential to the Debtor's ongoing business operations and hence, the overall success of this Chapter 11 case. Should any Utility Company refuse or discontinue service, even for a brief period, the Debtor's business operations would be severely disrupted, and such disruption would jeopardize the Debtor's ability to manage its sale and liquidation efforts. Accordingly, it is essential that the Utility Services continue uninterrupted during this Chapter 11 case.

## RELIEF REQUESTED

10. Pursuant to sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Bankruptcy Rule 9013-1, the Debtor requests the entry of an order: (a) prohibiting the Utility Companies from altering, refusing or discontinuing Utility Services on account of unpaid prepetition invoices or prepetition claims and (b) providing that prepayment to the Utility Companies for Utility Services, as provided herein, constitutes adequate assurance of payment under section 366(c)(1)(A)(v) of the Bankruptcy Code.

11. By this Motion, the Debtor seeks to respect the protections that the Utility Companies have under the Bankruptcy Code, while affording the Debtor an opportunity to provide and negotiate adequate assurance without facing the threat of imminent termination of Utility Services. In particular, the Debtor requests approval of certain procedures that balance the protections afforded the Utility Companies under Section 366 and the Debtor's need for continuous and uninterrupted Utility Services.

I.      **Proposed Adequate Assurance**

12.     Although the Debtor anticipates that it will be able to satisfy all administrative expenses, including postpetition utility bills, on a current basis, the Debtor further proposes to adequately assure the Utility Companies of future payment by prepaying postpetition Utility Services.

13.     Specifically, the Debtor proposes to adequately assure each Utility Company as follows:

A.  Within five (5) business days following the date an order is entered granting this Motion, the Debtor will prepay its good faith estimate of the prorated utility usage for the month of December 2025;

B.  Thereafter, beginning on January 1, 2026, the Debtor shall prepay its good faith estimate of utility usage for the following month on the first of each month;

C.  If the Debtor's prepaid amount exceeds actual usage for the applicable time period, the Utility Company may retain the overpayment, but the Debtor may reduce the prepayment for the following month by the overpayment balance; however, if the actual charges exceed the prepayment, the Debtor will pay the balance to the Utility Company in accordance with the applicable invoice; and

D.  The Debtor will continue to prepay for Utility Services as described above until the Debtor terminates the Utility Service or confirms a plan of reorganization, at which time the Debtor and the Utility Company will perform a final true-up of the actual services and payments made prior to termination or the confirmation of a plan of reorganization.

14.     If any Utility Company is holding a security deposit provided by the Debtor prior to the Petition Date, and such Utility Company elects to properly recover or set off any postpetition amounts owed against such security deposit, the Debtor requests that the Utility Company's recovery from the security deposit for postpetition amounts be in lieu of the Debtor's offer to prepay for Utility Services, and the Utility Company be deemed adequately assured of payment.

## BASIS FOR RELIEF REQUESTED

15. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company within thirty days of the petition, or the utility company may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples of what constitutes an "assurance of payment." 11 U.S.C. § 366(c)(1). Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Great Atl. & Pac. Tea Co.*, No. 11-1338 (CS) 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment. The statute does not require an absolute guarantee of payment." (citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

16. Under section 366 of the Bankruptcy Code, the term "assurance of payment" means: "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; and (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. 366(c)(1)(A) (emphasis added).

17. In the present case, the Debtor has agreed to prepay all Utility Companies for the Utility Services. The Debtor submits that payment in advance constitutes adequate assurance under

section 366(c)(1)(A)(v) of the Bankruptcy Code. Alternatively, if a Utility Company forgoes the prepayment option and instead elects to set off against a prepetition security deposit, the Debtor submits that such Utility Company is adequately assured under section 366(c)(1)(A)(i) and (vi) of the Bankruptcy Code.

18. When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Company will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (1st Cir. B.A.P. 1981) (citing *In re Cunha,* 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002). In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); *see also Great Atl. & Pac.*, 2011 WL 5546954, at *5–6 (holding that no additional adequate assurance deposit was necessary where such deposit would impose an unreasonable burden on reorganizing debtors).

19. Moreover, "adequate assurance" under section 366 of the Bankruptcy Code is not synonymous with "adequate protection." To determine whether adequate assurance has been provided, the Court is not required to give the Utility Companies the equivalent of a guarantee of postpetition payment but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services. *See Adelphia Bus. Solutions*, 280 B.R. at 80; *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996); *In re Santa Clara Circuits West, Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982); *In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980). Whether a utility

is subject to an unreasonable risk of nonpayment must be determined on a case by case basis. *Adelphia Bus. Solutions*, 280 B.R. at 80.

20. Here, the Debtor has provided for adequate assurance of payment because the Debtor has agreed to prepay for Utility Services. Indeed, the Debtor's proposed method of furnishing adequate assurance of payment for postpetition Utility Services is in keeping with the spirit and intent of section 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility Company and is in the best interests of the Debtor's estates and other creditors.

21. Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The proposed adequate assurance is necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof. Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve the foregoing proposal.

## **PROCESSING OF CHECKS AND ELECTRONIC FUNDS TRANSFERS**

22. The Debtor has sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral. In addition, under the Debtor's existing cash management system, the Debtor can readily identify checks or wire transfer requests relating to an authorized payment. Accordingly, the Debtor believes that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtor respectfully requests that the Court authorize all applicable financial institutions, when requested by the Debtor, to receive, process, honor and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## BANKRUPTCY RULE 6003 HAS BEEN SATISFIED

23.  Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, the Court should: (a) prohibit the Utility Companies from altering, refusing or discontinuing Utility Services on account of unpaid prepetition invoices or prepetition claims and (b) provide that prepayment to the Utility Companies for Utility Services, as provided herein, constitutes adequate assurance of payment under section 366(c)(1)(A)(v) of the Bankruptcy Code because such relief is integral to the Debtor's ability to transition its operations into this Chapter 11 case. Failure to receive such authorization and other relief during the first 21 days of this Chapter 11 case would severely disrupt the Debtor's operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtor to operate its business in the ordinary course and preserve the ongoing value of the Debtor's operations and maximize the value of its estates for the benefit of all stakeholders. The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## REQUEST FOR BANKRUPTCY RULE 6004 WAIVER

24.  To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use sale or lease of property under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

25. Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim, (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

**NOTICE**

26. The Debtor will provide notice of this Motion to (a) the Office of the United States Trustee for the District of Nebraska; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the Debtor's prepetition secured lenders, BMO Bank N.A., Farm Credit Services of America, PCA, Farm Credit Mid-America, PCA, and CoBank, FCB; (d) the United States Attorney's Office for the District of Nebraska; (e) the Internal Revenue Service; (f) all parties who have expressed an interest to Ascendant Consulting Partners, LLC in some or all of the assets; (g) counsel to any official committee of unsecured creditors appointed in this Chapter 11 case (upon appointment); (h) the Nebraska Department of Revenue; (i) the Alabama Department of Revenue;

(j) the Georgia Department of Revenue; (k) the Iowa Department of Revenue; (l) the Kansas Department of Revenue; (m) the Louisiana Department of Revenue; (n) the Minnesota Department of Revenue; (o) the Missouri Department of Revenue; (p) the Ohio Department of Revenue/Department of Taxation; (q) the Oklahoma Department of Revenue; (r) the Tennessee Department of Revenue; (s) the Texas Department of Revenue; (t) the Wisconsin Department of Revenue; (u) the City of Kansas City, Missouri – Revenue Division; (v) the City of Toledo Income Tax; (w) Unified Government Treasury of Wyandotte County, Kansas; (x) Treasurer of Lucas County, Ohio; (y) Jackson County, Missouri Collector; (z) St. Louis County, Minnesota Auditor; (aa) Treasurer of Douglas County, Wisconsin; (bb) Treasurer of Saline County, Kansas; (cc) Treasurer of Harris County, Texas; (dd) Treasurer of Woodbury County; (ee) Treasurer of Douglas County, Nebraska; (ff) all utility companies listed on attached Exhibit A and (gg) all parties on the Rule 2002 Notice list.

27.     The Debtor submits that, under the circumstances, no further notice of the hearing is necessary and requests that any further notice be dispensed with and waived.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

DATED this 17th day of November, 2025.

        HANSEN-MUELLER CO., Debtor,

    By: */s/ Brian J. Koenig*
      Brian J. Koenig, #23807
      Donald L. Swanson, #16385
      Trevor J Lee, #27063
      KOLEY JESSEN P.C., L.L.O.
      1125 South 103rd Street, Suite 800
      Omaha, NE 68124
      (402) 390-9500
      (402) 390-9005 (fax)
      Brian.Koenig@koleyjessen.com
      Don.Swanson@koleyjessen.com
      Trevor.Lee@koleyjessen.com

### EXHIBIT A – AVERAGE MONTHLY UTILITY EXPENSES

| Company: | Description of Services Provided | Location: | Security Deposit: | Average Monthly Cost: |
|---|---|---|---|---|
| AGASSIZ WATER USERS DISTRICT | Water | Grand Forks, ND | | $130.00 |
| AT&T | Telephone | Various | | $300.00 |
| CITY OF SIOUX CITY | Water | Sioux City, IA | | $425.00 |
| CITY OF SUPERIOR-STORMWTR UTIL | Water | Superior, WI | | $100.00 |
| CITY OF TOLEDO DEPT. OF PUBLIC | Water | Toledo, OH | | $500.00 |
| COLUMBIA GAS | Natural Gas | Toledo, OH | | $1,000.00 |
| COMFORTSYSTEMS | Water | Duluth, MN | $2,075.00 | $4,000.00 |
| CONSTELLATION NEWENERGY - GAS | Natural Gas | Toledo, OH | | $1,500.00 |
| COUNCIL BLUFFS WATER WORKS | Water | Council Bluffs, IA | | $16.00 |
| ENTERGY | Electricity | Tallulah, LA | $380.00 | $300.00 |
| EVERGY | Electricity | Kansas City, MO | | $13,250.00 |
| FUSION, LLC | Internet | Houston JV, TX | | $312.00 |
| GOOGLE FIBER | Internet | Merriam, KS | | $123.00 |
| GREAT PLAINS COMMUNICATIONS | Internet | Grand Island, NE | | $130.00 |
| GREAT PLAINS COMMUNICATIONS | Internet | Omaha, NE | | $1,155.00 |
| KANSAS CITY BOARD OF PUBLIC UTILITIES | Electricity / Natural Gas | Kansas City, KS | $38,185.00 | $18,000.00 |
| KC WATER SERVICES | Water | Kansas City, MO | | $120.00 |
| MIDAMERICAN ENERGY | Electricity | Council Bluffs, IA | | $3,000.00 |
| MIDAMERICAN ENERGY | Electricity | Sioux City, IA | | $9,000.00 |
| MINNESOTA POWER | Electricity | Duluth, MN | | $9,000.00 |
| NODAK ELECTRIC COOPERATIVE | Electricity | Grand Forks, ND | | $4,400.00 |
| RINGCENTRAL INC. | Telephone | Various | | $4,700.00 |

| SIERRA WIRELESS AMERICA INC | Internet | Various | | $1,300.00 |
|---|---|---|---|---|
| SPECTRUM | Internet | Alabaster, AL | | $115.00 |
| SPECTRUM | Internet | Duluth, MN | | $190.00 |
| SUPERIOR WATER LIGHT & POWER | Electricity | Superior, WI | | $7,300.00 |
| TOLEDO EDISON | Electricity | Toledo, OH | | $18,000.00 |
| VERIZON | Telephone | Various | | $330.00 |
| XCEL ENERGY | Natural Gas | Grand Forks, ND | | $70.00 |