UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Case No. 25-81226 |
| HANSEN-MUELLER CO.,[1] | Chapter 11 |
| Debtor. | |

**DEBTOR'S REQUEST FOR AN (I) AN EXPEDITED HEARING; (II) SHORTENED NOTICE; AND (III) AN EXPEDITED RULING WITH RESPECT TO DEBTOR'S FIRST DAY MOTIONS**

Hansen-Mueller Co., debtor and debtor-in-possession (the "Debtor") in the above-referenced chapter 11 case (the "Case"), respectfully makes this Request for Expedited Hearing, Request for Shortened Notice and Request for Expedited Ruling and states the following in support of these Requests:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and the Debtor consents to entry of a final order by the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of Debtor's federal tax identification number, is: Hansen-Mueller Co. (9385). Debtor's location is 13321 California Street, Suite 100, Omaha, NE 68154.

1

**BACKGROUND**

4. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 17, 2025 (the "Petition Date").

5. The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this Chapter 11 Case, and no committees have been appointed or designated.

6. A detailed description of the Debtor and its business, the facts and circumstances leading up to the filing of this Chapter 11 Case, and the facts supporting this Motion are set forth in greater detail in the *Declaration of Michael Compton, Chief Restructuring Officer of Debtor Hansen-Mueller co., in Support of Chapter 11 Petition and First Day Motions*, (the "First Day Declaration"), filed contemporaneously herewith.

**RELIEF REQUESTED**

7. The Debtor seeks entry of an order (the "Order"): (a) setting an expedited hearing on shortened notice with respect to certain "first day" motions filed by the Debtor, as more particularly described herein; and (b) granting related relief. Specifically, the Debtor requests that the United States Bankruptcy Court for the District of Nebraska (the "Court") shorten the notice period and set an expedited hearing date on November 17, 2025, or as soon thereafter as the Court's calendar allows, to hear and consider the relief requested pursuant to the motions and applications filed concurrently with this motion, as more particularly identified on Exhibit A hereto (collectively, the "First Day Motions").

## BASIS FOR RELIEF

8. Given the scope and extent of the Debtor's business operations, and the Debtor's desire to maintain business operations for the benefit of the estate, the Debtor need expedited interim relief authorizing the Debtor to use cash collateral. Additionally, to facilitate an efficient administration of the Debtor's Chapter 11 proceedings, which efficiencies will minimize the estate's costs and facilitate an efficient administration, the Debtor requests expedited relief regarding, among other things, (a) retention of professionals such as counsel, an investment banker, chief restructuring officer, financial advisor, and notice and claims agent, (b) authorization to use cash collateral to make certain limited payments to certain employees, insurers, utilities, insurers, critical trade vendors, and taxing authorities, (c) maintenance of certain business practices and systems, and implementing procedures designed to maximize the Debtor's estate. Without an expedited hearing, shortened notice and an expedited ruling on these initial matters, the Debtor risk harmful interruption of its business operation and plans.

9. The relief sought herein is consistent with the relief granted by this Court in other Chapter 11 cases having meaningfully complex business operations. *See, e.g., In re Brodkey Brothers Inc.*, et al., No. 13-80203 (TLS) (Bankr. D. Neb. February 6, 2013) (granting expedited hearing for similar "first day" relief); *In re Professional Veterinary Products, Ltd., et al.*, No. 10-82436 (TLS) (Bankr. D. Neb. August 23, 2010) (same).

10. The First Day Motions upon which an expedited hearing, shortened notice and expedited ruling is requested seek, among other things:

    A.    Approval of an agreement for the Debtor to use cash collateral;

    B.    Authorization to maintain existing bank accounts and business forms;

    C.    Pay employee wages and benefits;

    D.      Authorization to pay necessary pre-petition expenses including, but not limited to, utilities, and taxes; and

    E.      Authorization to pay critical vendors.

11.      The Debtor respectfully asserts that the requested relief is consistent with what is provided for pursuant to Neb.R.Bank.P. 9006-1(A) and is necessary to ensure that the Debtor's business operations continue in an efficient and cost-effective manner, with as little unnecessary disruption as possible, during the postpetition period. The requested expedited hearing, shortened notice and expedited relief are reasonably calculated to preserve, maintain and protect the value of the Debtor's assets and estate.

12.      For the avoidance of doubt, the Debtor are only seeking the Interim Relief on an interim basis at the requested expedited hearing and, as set forth in the First Day Motion seeking Interim Relief, the Debtor requests that a further hearing be set to consider such relief on a final basis.

13.      Accordingly, the Debtor seek a shortened notice period with respect to the First Day Motions and an expedited hearing, and expedited ruling, on the First Day Motions to ensure that the Debtor's businesses continue to operate as efficiently as possible, while preserving, maintaining and protecting the Debtor's assets and estate for the benefit of its creditors. Specifically, the Debtor requests that the notice period be shortened and set an expedited hearing be scheduled for November 17, 2025, or as soon thereafter as the Court's calendar.

## **RESERVATION OF RIGHTS**

14.      Nothing contained in this motion or any actions taken by the Debtor pursuant to relief granted in the Order is intended or should be construed as a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law.

## NOTICE

15. The Debtor will provide notice of this Motion to (a) the Office of the United States Trustee for the District of Nebraska; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the Debtor's prepetition secured lenders, BMO Bank N.A., Farm Credit Services of America, PCA, Farm Credit Mid-America, PCA, and CoBank, FCB; (d) the United States Attorney's Office for the District of Nebraska; (e) the Internal Revenue Service; (f) all parties who have expressed an interest to Ascendant Consulting Partners, LLC in some or all of the assets; (g) counsel to any official committee of unsecured creditors appointed in this chapter 11 case (upon appointment); (h) the Nebraska Department of Revenue; (i) the Alabama Department of Revenue; (j) the Georgia Department of Revenue; (k) the Iowa Department of Revenue; (l) the Kansas Department of Revenue; (m) the Louisiana Department of Revenue; (n) the Minnesota Department of Revenue; (o) the Missouri Department of Revenue; (p) the Ohio Department of Revenue/Department of Taxation; (q) the Oklahoma Department of Revenue; (r) the Tennessee Department of Revenue; (s) the Texas Department of Revenue; (t) the Wisconsin Department of Revenue; (u) the City of Kansas City, Missouri – Revenue Division; (v) the City of Toledo Income Tax; (w) Unified Government Treasury of Wyandotte County, Kansas; (x) Treasurer of Lucas County, Ohio; (y) Jackson County, Missouri Collector; (z) St. Louis County, Minnesota Auditor; (aa) Treasurer of Douglas County, Wisconsin; (bb) Treasurer of Saline County, Kansas; (cc) Treasurer of Harris County, Texas; (dd) Treasurer of Woodbury County; (ee) Treasurer of Douglas County, Nebraska; and (ff) all parties on the Rule 2002 Notice list.

16. The Debtor submits that, under the circumstances, no further notice of the hearing is necessary and requests that any further notice be dispensed with and waived.

## NO PRIOR REQUEST

17.    No prior request for the relief sought in this motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

DATED this 17th day of November, 2025.

        HANSEN-MUELLER CO., Debtor,

By: */s/Brian J. Koenig*
    Brian J. Koenig, #23807
    Donald L. Swanson, #16385
    Trevor J Lee, #27063
    KOLEY JESSEN P.C., L.L.O.
    1125 South 103rd Street, Suite 800
    Omaha, NE 68124
    (402) 390-9500
    (402) 390-9005 (fax)
    Brian.Koenig@koleyjessen.com
    Don.Swanson@koleyjessen.com
    Trevor.Lee@koleyjessen.com

**EXHIBIT A – FIRST DAY MOTIONS**

1. *Administrative Motions*

    **(a)    Extension of Time to File Schedules and Statements of Financial Affairs:**  Debtor's Motion for Entry of an Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs (Doc. 4).

2. *Operational Motions/Pre-Petition Issues*

    **(a)    Bank Accounts, Cash Management and Investment Guidelines:** Debtor's Motion for an Order Pursuant to 11 U.S.C. §§ 345 and 363 (A) Authorizing Continued Use and Maintenance of Existing Bank Accounts and Business Forms, and (B) Waiving Investment and Deposit Requirements. (Doc. 11).

    **(b)    Employee Wages and Benefits:**  Debtor's Motion for Entry of an Order (I) Authorizing Debtor to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefit Programs, and (II) Granting Related Relief. (Doc. 8).

    **(c)    Utilities:**  Debtor's Motion For Entry of an Order (A) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices and (B) Deeming The Utility Companies Adequately Assured of Payment. (Doc. 6).

    **(d)    Cash Collateral:** Debtor's Motion for Approval of an Agreed Order Authorizing Interim Use of Cash Collateral and Providing Adequate Protection and Setting Final Hearing. (Doc. 12).

    **(e)    Continuing Insurance Programs***:*  Debtor's Motion for Entry of an Order (I) Authorizing Debtor to Continue and Renew Insurance Policies and Honor Obligations in Respect Thereof and (II) Granting Related Relief. (Doc. 7).

    **(f)    Prepetition Sales, Use, and Other Taxes:**  Debtor's Motion for Entry of an Order (I) Authorizing, But Not Directing, Debtor to Pay Certain Prepetition Taxes and (II) Granting Related Relief. (Doc. 9).

    **(g)    Critical Trade Vendors:**  Motion of Debtor for Entry of Interim and Final Orders (I) Authorizing Debtor to Pay Certain Prepetition Claims of Critical Vendors and (ii) Granting Related Relief. (Doc. 13).