IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>HANSEN-MUELLER CO.,<br><br>Debtor. | Case No. BK 25-81226-TLS<br>(Chapter 11)<br><br>OBJECTION TO DEBTOR'S MOTION TO ESTABLISH AND APPROVE BIDDING PROCEDURES |

COME NOW Ag Valley Co-op, Anton Coop and Coop Services Inc., and Geneva Milling Co., Inc (collectively the "COOPS") and for their objection to the Motion to Establish and Approve Bidding Procedures (Doc. 25) (the "Motion") show to the Court as follows:

1. On November 17, 2025, Hansen-Mueller Co. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of 11 U.S.C. § 101 *et seq.*

2. The Debtor sought and obtained an extension of time to file its schedules and statement of financial affairs, which are presently due December 10, 2025 (Doc. 4, 36).

3. Notice of the Chapter 11 filing was not given to creditors until November 20, 2025 (Doc. 62). Absent schedules, many creditors will not receive notice of the Motion.

4. A creditor's committee was formed on November 19, 2025. Upon information and belief, the committee retained counsel on November 24, 2025, which has not yet entered an appearance in this case.

5. Because the Debtor has not filed its schedules, unsecured creditors and parties in interest are unable to determine whether the Motion is in the best interests of the estate.

6. The Motion puts the cart in front of the horse as it proposes to give notice to creditors of the bidding procedures *after* the bidding procedures are approved (Doc. 25, ¶ 19).

7. The Motion fails to comply with Fed. R. Bank. P. 2002(a)(2) in that the Debtor has not given at least 21 days' notice to all creditors and parties in interest.

8. The Motion contains "Bid Protections" which include a 2% breakup fee and reimbursement of the Stalking Horse Bidder's reasonable expenses and grants to the Stalking Horse Bidder an allowed administrative expense claim without any showing that the Bid Protections are actual and necessary costs of preserving the estate or that the Bid Protections provide the estate with an actual benefit.

9. The Motion seeks separate bids for the Debtor's "Working Capital Assets" which include grain contracts, yet Schedule 1 fails to list a single grain contract or list cure amounts for grain contracts, and the Motion fails to provide notice to any counterparty to the grain contracts.

10. There is no deadline for Debtor to provide access to due diligence to potential bidders, but instead it is "as soon as reasonably practicable after" a request.

11. The procedures authorize the Debtor to "withhold any due diligence information that the Debtor determines is sensitive or otherwise not appropriate for disclosure to a Potential Bidder." This effectively allows the Debtor to subjectively select which potential bidders have access to necessary information to evaluate the assets and sale. On such a shortened timeframe, there would be little or no time for judicial intervention to obtain the requested due diligence information.

12. The definition of Qualified Bidder is entirely subjective based on the Debtor's determination.

13. The Motion fails to provide sufficient time for counterparties to executory contracts to object to a notice of assignment and assumption of their contract(s).

WHEREFORE, the Objecting Parties respectfully request that the Court deny the Motion.

Ag Valley Co-op, Anton Coop,
Coop Services Inc., and Geneva Milling Co., Inc.

By: /s/ Richard P. Garden, Jr.
Richard P. Garden, Jr. - #17685
John F. Zimmer, V., #26127
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, NE 68508-2095
(402) 474-6900
rgarden@clinewilliams.com

CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

/s/ Richard P. Garden, Jr.
Richard P. Garden, Jr.

{0925036.1}