**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **Hansen-Mueller Co.,** | § | **Case No. 25-81226-TLS** |
| | § | |
| **Debtor.** | § | **Chapter 11** |
| | § | |

---

**STIPULATION AND AGREED ORDER ESTABLISHING PROCEDURES FOR DETERMINATION OF RIGHTS, OWNERSHIP INTERESTS, LIENS, SECURITY INTERESTS, AND ALL OTHER INTERESTS IN AND TO GRAIN AND PROCEEDS OF GRAIN PURSUANT TO 11 U.S.C. § 557 AND FOR SEGREGATION AND PROTECTION OF PROCEEDS**

---

This stipulation and agreed order (the "**Stipulation**") is made and entered into by and between the Movants, Justin Hansen d/b/a Hansen Farms; Richard Beyer d/b/a Richard A. Beyer Farms; USB Joint Venture; Kyle Miller; Dustin Mikel, Mikel Brothers Partnership; J&K AG LLC; Hlavinka Cattle Co. JV; Maass Farms, General Partnership; Haunted Hill Grain, LLC; AKA Farms, a Texas Partnership; and Elliott AGCO, General Partnership (collectively "**Texas Producers**"), who filed their Amended Emergency Motion of Texas Producers Under 11 U.S.C. § 557 for Determination of Rights in Grain and Grain Proceeds, and for Segregation and Protection of Proceeds (Texas Agricultural Producers' Lien Determination, Accounting, and Priority Procedure) ("**557 Motion**") [Doc #122],[1] Hansen-Mueller Co., the Debtor in the above-referenced chapter 11 case (the "**Debtor**"), the Official Unsecured Creditors Committee (the "**Committee**"), BMO Bank N.A. ("**BMO**"), and Harco National Insurance Company, and International Fidelity

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the 557 Motion.

Insurance Company (collectively the "**Sureties**"), who by and through their respective undersigned counsel do hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on November 17, 2025, (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for Nebraska (the "**Court**").

**WHEREAS**, on November 17, the Debtor filed its Motion for Approval of Agreed Order Authorizing Interim Use of Cash Collateral and Providing Adequate Protection and Setting Final Hearing [Doc #12], and on November 18, the Court entered its Order Granting Motion for Approval of Agreed Order Authorizing Interim Use of Cash Collateral and Providing Adequate Protection and Setting Final Hearing for December 9, 2025. [Doc #46].

**WHEREAS**, on December 5, 2025, the 557 Motion was filed on behalf of the Texas Producers seeking approval of a set of processes and procedures for the determination of any and all parties' rights, interests, liens, security interests, and ownership claims in and to all Grain (as defined in 11 U.S.C. § 557(b)(1)) as well as the proceeds of such Grain in accordance with 11 U.S.C. § 557(c), (d), and (f) in the possession of the Debtor as of the Petition Date ("**557 Processes and Procedures**").

**WHEREAS,** on December 8, 2025, the Court granted the request of the Texas Producers for an emergency hearing and set a hearing for consideration of the Texas Producers' 557 Motion for December 9, 2025.

**WHEREAS**, on December 9, 2025, the Court entered its Order Granting Motion for Approval of Agreed Order Authorizing Interim Use of Cash Collateral and Providing Adequate Protection continuing the Final Hearing until December 22, 2025. [Doc #160].

**WHEREAS,** on December 12, 2025, a Limited Motion of Harco National Insurance Company and International Fidelity Insurance Company for Adequate Protection Under 11 U.S.C. §§ 105(a) and 363(e) was filed with the Court requesting the Court fashion relief and put in place certain safeguards to prevent Grain Proceeds from being dissipated, commingled, or transferred free and clear of liens before a determination of who holds the beneficial ownership of the proceeds ("**Sureties Motion**"). [Doc #199].

**WHEREAS,** at a hearing held on December 22, 2025, the Court once again authorized Debtor's continued interim use of cash collateral and set a final hearing on its use of cash collateral for January 13, 2026, at 10:00 A.M. CST.

**WHEREAS,** at the continued hearing on the 557 Motion and the initial hearing on the Sureties Motion held on December 22, 2025, the parties announced their intention to enter a Stipulation and Agreed Order establishing certain Section 557 Processes and Procedures and submit it to the Court for its consideration and entry.

**WHEREAS,** on December 30, 2025, the Court entered its Order (I) Approving the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances: (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief which included the sale of grain located in Council Bluffs, Iowa, Toledo, Ohio, Superior, Wisconsin, Duluth, Minnesota, Grand Folks, North Dakota, and Kansas City, Missouri as reflected in the order and the attachments thereto.

**WHEREAS**, based on the provisions of 11 U.S.C. § 557(c), (d), and (f), as well as the facts and circumstances involving the Debtor's purchase of grain from grain producers prior to the Petition Date, it is prudent and reasonable to establish a process to determine all parties' respective

interests, if any, in the Grain and Grain Proceeds, and is warranted under the circumstances in accord with 11 U.S.C. § 557(c), (d), and (f).

<u>**STIPULATION**</u>

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.      The above Recitals are incorporated by reference herein with the same force and effect as though set forth fully below.

2.      The term "Grain" is as defined in 11 U.S.C. § 557(b)(1) and means "wheat, corn, flaxseed, grain sorghum, barley, oats, rye, soybeans, other dry edible beans, or rice."

3.      The term "Producer" is as defined in 11 U.S.C. § 557(b)(3) and means "an entity which engages in the growing of Grain."

4.      The Grain Claim Form attached hereto as Exhibit "A" is approved.

5.      Each Producer of Grain or other party that files a Grain Claim Form (each a "Grain Claimant" and collectively, "Grain Claimants") must include all information and documents requested by the Grain Claim Form to have its claim to the Grain or the proceeds of the Grain ("Grain Proceeds") determined by the Court pursuant to these 557 Processes and Procedures, including the name, complete mailing address, and, if available, the email address of the person or entity asserting the claim in Grain or Grain Proceeds, along with the amounts, locations, dates of delivery, and types of Grain delivered, along with the value of the Grain or the Grain Proceeds being claimed. If a Grain Claimant is represented by an attorney, the attorney's contact information, state bar card number, as well as their email address and telephone number shall be included in the Grain Claim Form.

6.      If the Grain Claimant claims specific rights in Grain or Grain Proceeds, other than a contractual right to payment for Grain sold to the Debtor, the Grain Claim Form shall state the legal and factual bases for the rights, interests, liens, security interests, or ownership claims in and to the Grain or Grain Proceeds, including any federal or state statutes, or other state or federal legal precedence supporting the claimed interest in the Grain or Grain Proceeds.

7.      **The deadline for filing the Grain Claim Form with the U.S. Bankruptcy Clerk is 11:59 p.m. on February 2, 2026**.  **A Grain Producer's failure to timely file a Grain Claim Form by such deadline shall result in expungement and disallowance of such Grain Producer's claim(s) under these 557 Processes and Procedures without further order of the Court.** The Prepetition Secured Lenders shall not be required to file a Grain Claim Form and any and all rights of the Prepetition Secured Lenders to the Grain or Grain Proceeds shall not be prejudiced and are reserved. Furthermore, neither shall the Sureties be required to file a Grain Claim Form and any and all rights of the Sureties to assert an interest to the Grain or Grain Proceeds, whether directly or derivatively, in law or equity, shall not be prejudiced, and are reserved. Any necessary and appropriate procedures—included but not limited to the Debtor's production of documentation—to adjudicate the rights of the Sureties, if any, to the Grain or Grain Proceeds will be addressed by the Court at the Pretrial Hearing hereinafter set by the Court for February 17, 2026. The Sureties acknowledge that additional books, records, or accounting information may be necessary to fully evaluate and assert their rights and defenses relating to Grain and Grain Proceeds. The absence of such information prior to the Pretrial Hearing shall not give rise to any adverse inference against the Sureties, nor be deemed a waiver of any rights or defenses of the Sureties, including derivative or subrogation rights. The Sureties' inability to assert or fully articulate claims, objections, or defenses prior to the Pretrial Hearing due to the current state of the

record shall not prejudice their rights, and the manner and timing of any further information exchange or discovery shall be addressed by the Court at the Pretrial Hearing.

8. Notwithstanding anything to the contrary herein, the Sureties' agreement to this Stipulation shall not waive, impair, or otherwise affect the Limited Motion of Harco National Insurance Company and International Fidelity Insurance Company for Adequate Protection Under 11 U.S.C. §§ 105(a) and 363(e) [Dkt. 199] (the "Sureties' Adequate Protection Motion"), which shall be continued until the Sureties request a hearing. The Sureties' Adequate Protection Motion shall remain and nothing in this Stipulation shall be deemed to resolve, moot, limit, or prejudice the Sureties' rights or remedies asserted therein.

9. The filing of a Grain Claim Form does not relieve a Grain Claimant, or any other party from the requirement of filing a Proof of Claim as contemplated by FED. R. BANKR. P. 3001 and 3002, et al.

10. Pending the Court's determination of the interests of the Grain Claimants, all Grain Proceeds generated from the post-petition sale of assets free and clear of liens shall be separately accounted for, to the extent possible, such that the Grain and the Grain Proceeds may be identified and traced to the respective locations to which the Grain was delivered pre-petition by the respective Grain Producers, and the Grain Proceeds from any post-petition sales of Grain shall be used by the Debtor only in accord with any Cash Collateral Order authorizing such use and to the extent the Bankruptcy Court determines that any 557 Grain Claimant or the Sureties has a superior right to any proceeds from the sale of Grain that were previously distributed to Prepetition Secured Lenders be subject to disgorgement by the Prepetition Secured Lenders unless otherwise provided in a further order of the Court. The rights of any Grain Claimant against the Grain or the Grain Proceeds shall not be prejudiced by the Debtor's use of Grain Proceeds pursuant to any Cash

Collateral Order. Nor shall any separate accounting and tracing prejudice the Prepetition Secured Lenders' rights to the Grain or Grain Proceeds and all such rights are reserved.

11. Any and all other Grain or Grain Proceeds, if sold in the ordinary course, shall remain identifiable to the respective locations where it was stored on the Petition Date, and any Grain Proceeds not otherwise authorized to be used by the Debtor shall be deposited, and remain in, the Debtor in Possession's Account, and to the extent the Bankruptcy Court determines that any 557 Grain Claimant or the Sureties has a superior right to any proceeds from the sale of Grain that were previously distributed to the Prepetition Secured Lenders, such proceeds are subject to disgorgement by the Prepetition Secured Lenders unless otherwise provided in a further order of the Court.

12. Debtor shall serve this Stipulation and Agreed Order on all parties in interest in this bankruptcy case and any party that the Debtor believes may have or may assert an interest in the Grain or the Grain Proceeds, including any known Producers of the Grain and any known parties asserting security interests in the Grain or Grain Proceeds, any governmental entities, sureties or other parties claiming a right to subrogation, a property interest, a right to reclamation, or a security interest in the Grain or Grain Proceeds within three (3) business days of entry of this Stipulation and Agreed Order.

13. Notwithstanding Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Court.

14. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE COURT SHALL CONDUCT A PRETRIAL HEARING AT <u>10:00 A.M. (CST) ON FEBRUARY 17, 2026</u>, TO CONSIDER THE MANNER IN WHICH IT SHALL DETERMINE THE NATURE, EXTENT, PRIORITY AND VALIDITY OF ANY SECURITY INTERESTS, LIENS, OR OTHER OWNERSHIP RIGHTS OR INTERESTS IN THE GRAIN OR GRAIN PROCEEDS; THE VARIOUS FACTUAL AND LEGAL ISSUES IT WISHES TO BE ADDRESSED BY THE PARTIES AND THE SCHEDULING FOR THE CONDUCT OF ANY DISCOVERY, THE SUBMISSION OF BRIEFS, OR THE HOLDING OF HEARINGS ASSOCIATED WITH THE SECTION 557 DETERMINATION PROCESS; AND ANY PARTIES OR THEIR ATTORNEYS CLAIMING AN INTEREST IN THE GRAIN OR GRAIN PROCEEDS SHALL ATTEND SUCH PRETRIAL AND PARTICIPATE IN ORDER TO BE PREPARED TO PRESENT THEIR CASE IN SUPPORT OF THEIR RIGHTS AND INTERESTS IN THE GRAIN AND GRAIN PROCEEDS. PARTIES MAY APPEAR BY TELEPHONE AND MUST CALL THE CISCO WEBEX TELECONFERENCE CENTER AT LEAST 5 MINUTES BEFORE THE HEARING IS SCHEDULED TO BEGIN. THE REQUIRED CALL−IN INFORMATION IS:**

**TOLL FREE CALL IN NUMBER 1−855−244−8681**

**ACCESS CODE 230 841 91961**

**ATTENDEE ID NUMBER: N/A, INSTEAD PRESS # TO BYPASS**

**[END OF ORDER]**

SIGNED: January 9, 2026

/s/ Thomas L. Saladino
_____

United States Bankruptcy Judge

**STIPULATED AND AGREED:**

David R. Langston
MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com
Counsel to Texas Producers

Joseph Orbach
Jacob T. Schwartz
THOMPSON COBURN LLP
488 Madison Avenue New York, NY 10022
Telephone: 212-478-7396
Telephone: 212-478-7247
E-Mail: JOrbach@thompsoncoburn.com
E-Mail: jtschwartz@thompsoncoburn.com
Counsel to Committee

James P. Sullivan
CHAPMAN AND CUTLER LLP
320 S. Canal Street
Chicago, IL  60606
Telephone: 312-845-3445
Facsimile: 312-516-1466
Email: jsullivan@chapman.com
Counsel to Pre-Petition Secured Lenders

Brian J. Koenig
KOLEY JESSEN P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, NE 68124
Telephone: (402) 390-9500
Facsimile: (402) 390-9005
E-Mail: Brian.Koenig@koleyjessen.com
Counsel to Debtor

James Ewing
DRY LAW PLLC
909 18th Street
Plano, TX  75074
Telephone: 972-797-9516
E-Mail: jewing@drylaw.com
Counsel to Sureties

# EXHIBIT "A"

## 11 U.S.C. § 557 – GRAIN CLAIM FORM – Hansen-Mueller Co.

(Bankruptcy Case Number: 25-81226-TLS in the U.S. Bankruptcy Court, District of Nebraska)

**(Deadline for Filing this Grain Claim Form with the Bankruptcy Court is 11:59 P.M. February 2, 2026)**

**PLEASE BE ADVISED THAT THE FILING of THIS Grain Claim Form DOES NOT RELIEVE A GRAIN CLAIMANT, OR ANY OTHER PARTY, FROM THE REQUIREMENT OF FILING A PROOF OF CLAIM IN THIS BANKRUPTCY CASE IN ORDER TO BE ENTITLED TO PARTICIPATE IN ANY DISTRIBUTIONS FROM THE ESTATE. THUS, ANY CREDITOR OR INTERESTED PARTY ALSO SHOULD FILE A PROOF OF CLAIM AS CONTEMPLATED BY FED. R. BANKR. P. 3001 and 3002, et al.**

**The deadline for filing Proofs of Claim with the U.S. Bankruptcy Clerk is 11:59 p.m. on January 26, 2026.**

1.      Name and Contact Information of Interested Grain Party:

Name: _____

Address: _____

Telephone: _____

Email: _____

2.      Type of Grain in which Interest is asserted:

☐ Wheat
☐ Corn
☐ Oats
☐ Soybeans
☐ Barley
Other: _____

3.      Amount of Grain* (Bushels) in which Interest is asserted:

*For Interests asserted in multiple Grain types, provide separate amounts for each type, along with a listing of each Contract No., each location to which the Grain was delivered, and each date of delivery. You may refer to an attached exhibit containing such information and attach supporting documentation as necessary.

| Contract No. | Grain Type | Amount of Bushels | Delivery Location | Date(s) |
|---|---|---|---|---|
|  | Wheat |  |  |  |
|  | Corn |  |  |  |
|  | Oats |  |  |  |
|  | Soybeans |  |  |  |

11 U.S.C. § 557 – GRAIN CLAIM FORM – Hansen-Mueller Co.

| Contract No. | Grain Type | Amount of Bushels | Delivery Location | Date(s) |
|---|---|---|---|---|
| | Barley | | | |
| | Other (name) | | | |

4.      Basis for Interest: (attach additional sheets of paper as necessary)

☐  Grain stored with Debtor
☐  Security Interest held in Grain
☐  Reclamation
☐  Holders of warehouse receipts or other documents of title
☐ State or other law basis for asserting priority of claim (include specific statute and/or case law supporting claim):

_____
_____

☐ Other: _____

_____
_____

5.      Please list and attach any documents that support your property right or secured interest in Grain. (If needed you may attach additional sheets of paper.)

6.      Please list State(s) of governing law applicable to rights: _____

7.      Name and Contact Information of Attorney Represented Interested Grain Party:

Name: _____
State & Bar Card # _____
Law Firm: _____
Address: _____
Telephone: _____
Email: _____

**PLEASE TAKE NOTICE:**  If you intend to rely on any documents supporting your claim at the 557 Hearing, you must attach said documents to this form. These would include, for instance, any/all scale tickets, warehouse receipts, filed UCC-1 financing statements, or other documentation supporting the above amounts and interests. If documentation is voluminous or otherwise confidential, please attach a summary of the documents in your possession or control which contains such information. **<u>You may not rely on any documents at the 557 Hearing that are not attached to or referenced in this form.</u>**

11 U.S.C. § 557 – GRAIN CLAIM FORM – Hansen-Mueller Co.

To be considered, all 557 Forms must be filed with the Bankruptcy Court by February 2, 2026, at 11:59 p.m. Central Time, or such interest may not be considered by the Bankruptcy Court.

Date: _____         _____

                         (Signature of Authorized Representative of Grain Claimant)

11 U.S.C. § 557 – GRAIN CLAIM FORM – Hansen-Mueller Co.