UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

In re:

HANSEN-MUELLER CO.,[1]

Debtor.

Case No. 25-81226-TLS

Chapter 11

**SCHEDULING ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR DETERMINING RIGHTS, OWNERSHIP INTERESTS, LIENS, SECURITY INTERESTS, AND ALL OTHER INTERESTS IN AND TO GRAIN AND PROCEEDS OF GRAIN UNDER 11 U.S.C. § 557**

Upon the *Amended Emergency Motion of Texas Producers Under 11 U.S.C. § 557 for Determination of Rights in Grain and Grain Proceeds, and for Segregation and Protection of Proceeds* [Doc. 122] (the "557 Motion") and the *Stipulation and Agreed Order Establishing Procedures for Determination of Rights, Ownership Interests, Liens, Security Interests, and All Other Interests in and to Grain and Proceeds of Grain pursuant to 11 U.S.C. § 557 and for Segregation and Protection of Proceeds* [Doc. 262] (the "Stipulated Procedures Order");[2] and upon the Court having held a pre-trial hearing on February 17, 2026 with respect to the 557 Motion and Stipulated Procedures Order; and upon request of the Court for input regarding deadlines and procedures for determining claimants' rights, ownership interests, liens, security interests and all other interests in and to Grain and Grain Proceeds under 11 U.S.C. § 557 that have timely submitted a Grain Claim Form (each such claim, a "Grain Claim"); and upon the Court having heard from counsel for Justin Hansen d/b/a Hansen Farms; Richard Beyer d/b/a Richard A. Beyer

---

[1] The Debtor in this chapter 11 case, along with the last four digits of Debtor's federal tax identification number, is: Hansen-Mueller Co. (9385). Debtor's location is 13321 California Street, Suite 100, Omaha, NE 68154.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the 557 Motion and Stipulated Procedures Order, as applicable.

Farms; USB Joint Venture; Kyle Miller; Dustin Mikel, Mikel Brothers Partnership; J&K AG LLC; Hlavinka Cattle Co. JV; Maass Farms, General Partnership; Haunted Hill Grain, LLC; AKA Farms, a Texas Partnership; and Elliott AGCO, General Partnership (collectively the "Texas Producers"), the debtor and debtor-in-possession in the above-referenced chapter 11 case (the "Debtor"), the Official Unsecured Creditors Committee (the "Committee"), BMO Bank N.A. ("BMO"), Harco National Insurance Company and International Fidelity Insurance Company (collectively the "Sureties"), and certain farmers from Mississippi represented by R. J. Shortridge, including E & J Farms, Double J Farms, Campbell Farming, and Michael and Cole Bilbro (collectively, the "Mississippi Farmers"); and after consideration of the comments of counsel, the Court hereby finds and orders the following deadlines and procedures:

1. **Report.** On or before March 2, 2026, the Debtor shall file a report (the "Grain Report") with the Court setting forth the following:

   a. all Grain, along with its type, quantity, and location, owned by the Debtor that existed in its possession as of the Petition Date;

   b. all of the Debtor's accounts receivable that arose from sales of Grain as of the Petition Date including information about the type, quantity, and location of the Grain sold that produced such accounts receivable;

   c. all Grain, along with its type, quantity and location, purchased and received (*i.e.*, delivered) from the Texas Producers within six (6) months of the Petition Date;

   d. all Grain, along with its type, quantity, and location, sold from Texas within six (6) months of the Petition Date;

e. all of the Debtor's accounts receivable that arose from sales of Grain from Texas within six (6) months of the Petition Date including information about the type, quantity, and location of the Grain that produced such accounts receivable;

f. the disposition of all Grain Proceeds sold from Texas within six (6) months of the Petition Date including information about the type, quantity, and location of the Grain that produced such Grain Proceeds;

g. all of the Debtor's Grain along with information about its type, quantity, and location that remains as of January 31, 2026; and

h. Grain Proceeds generated between the Petition Date and January 31, 2026 along with information about the type, quantity, and location of the Grain that produced such Grain Proceeds.

2. **Discovery.** All discovery shall be stayed until the Debtor files the Grain Report. Thereafter, Grain Claimants may issue written discovery requests solely to the extent necessary to further establish or support their Grain Claim, and such discovery requests shall be limited and narrowly tailored solely to information necessary to establish or support such Grain Claim. If the Debtor believes that any written discovery request is overbroad, unduly burdensome, not necessary to establish or support a Grain Claim, or requests information that has already been provided or is already contained within documents already filed with this Court, the Debtor may seek this Court's intervention on an expedited basis.

3. **Deadlines.**

    a. <u>March 3, 2026</u>: By not later than March 3, 2026, the Debtor may file an omnibus objection seeking the disallowance or reduction of any Grain Claim on any factual or legal grounds (the "<u>Omnibus Objection</u>");

    b. <u>March 10, 2026</u>: By not later than March 10, 2026, (i) the Debtor may file a brief (the "<u>Opening Brief</u>") in support of the Omnibus Objection seeking disallowance of Grain Claims on any common legal grounds, and (ii) all parties that have not filed a Grain Claim ("<u>Non-Claimants</u>") may file a brief in support of the Omnibus Objection or in support of the Opening Brief (each response, a "<u>Non-Claimant Objection</u>");

    c. <u>March 24, 2026</u>: On or before March 24, 2026, Grain Claimants holding Grain Claims subject to the Omnibus Objection shall file with the Court a response and/or resistance thereto. If a Grain Claimant does not file a response or resistance to the Omnibus Objection, the Court may enter an order sustaining the Omnibus Objection with respect to such Grain Claim and granting the relief requested therein without further notice or opportunity to be heard;

    d. <u>March 31, 2026</u>: On or before March 31, 2026, any Grain Claimant holding a Grain Claim subject to challenge on legal grounds by the Opening Brief or Non-Claimant Objection may file a resistance and response brief thereto (each such response, a "<u>Response Brief</u>,"); and

    e. <u>April 10, 2026</u>: On or before April 10, 2026, the Debtor, and any Non-Claimants that timely filed a Non-Claimant Objection, may file a reply brief (each such brief, a "<u>Reply Brief</u>," and together with the Opening Brief and

Response Brief(s), the "<u>Legal Argument Briefs</u>") to any Response Brief.  The Debtor may submit its Reply Brief in omnibus form addressing all Response Briefs simultaneously.

4.      **<u>Hearing.</u>** On April 14, 2026, at 10:00 a.m. CT, the Court shall conduct a telephonic status conference, at which time the Court also will hear argument regarding the Omnibus Objection, and the arguments made in the Legal Argument Briefs, and schedule further proceedings as may be necessary.  Any party who desires to attend such hearing shall use the following dial-in instructions and shall call the Cisco Webex Teleconference Center at least five (5) minutes before the hearing is scheduled to begin:

TOLL FREE CALL IN NUMBER 1−855−244−8681

ACCESS CODE 2305 933 2329

ATTENDEE ID NUMBER: N/A, INSTEAD PRESS # TO BYPASS

5.      Nothing in this Order shall limit, waive, impair, or forestall any rights, claims, or remedies of the Sureties, whether asserted directly or derivatively, in law or equity, including rights asserted in the Sureties' Adequate Protection Motion [Doc. No. 199], which remains pending. The Sureties' agreement not to object to entry of this Order shall not constitute a waiver of any right or defense.

Dated: February 23, 2026                    BY THE COURT:


                                            /s/ Thomas L. Saladino
                                            UNITED STATES BANKRUPTCY JUDGE