UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Case No. 25-81226-TLS |
| HANSEN-MUELLER CO.,[1] | Chapter 11 |
| Debtor. | |

**DEBTOR'S OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**FILED PURSUANT TO 11 U.S.C. § 557 PROCEDURES**

Hansen-Mueller Co., as debtor and debtor-in-possession (the "Debtor") in the above-referenced chapter 11 case, by and through undersigned counsel, hereby files this omnibus objection (the "Objection") to the claims identified on Exhibit A hereto (the "Objected Claims"), seeking to disallow the Objected Claims as described more fully on Exhibits B through O and herein, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and the Debtor consents to entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. For the avoidance of doubt, Debtor's consent to the entry of a final order is not and should not be construed as consent to waive its rights to arbitrate under Debtor's "Purchase Contract and

---

[1] The Debtor in this chapter 11 case, along with the last four digits of Debtor's federal tax identification number, is: Hansen-Mueller Co. (9385). Debtor's location is 13321 California Street, Suite 100, Omaha, NE 68154.

Confirmation" entered into with each of the claimant's that submitted a claim pursuant to the *Stipulation and Agreed Order Establishing Procedures for Determination of Rights, Ownership Interests, Liens, Security Interests, and All Other Interests in and to Grain and Proceeds of Grain Pursuant to 11 U.S.C. § 557 and for Segregation and Protection of Proceeds* (the "557 Procedures Order") and is conditioned upon the Court's determination that the arbitration provision contained in each of the Claimant's Purchase Contracts is unenforceable.

3. The statutory predicates for relief are sections 105(a), 502, and 557 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); Fed. R. Bankr. P. 3007; and Neb. R. Bankr. P. 3007-1.

## BACKGROUND

4. The Debtor filed its voluntary petition under chapter 11 of the United States Bankruptcy Code on November 17, 2025 (the "Petition Date").

5. Since the Petition Date, the Debtor has remained in possession of its assets and has operated its business and managed its financial affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. A detailed description of the Debtor and its business, the facts and circumstances leading up to the filing of this chapter 11 case, and the facts supporting this Objection are set forth in greater detail in the *Declaration of Michael Compton, Chief Restructuring Officer of Debtor Hansen-Mueller Co., in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration") (Doc. 3) and *Declaration of Kary Knapp in Support of the Debtor's Omnibus Objection to Certain Claims Filed Pursuant to 11 U.S.C. § 557* (Doc. 429).

7. On January 9, 2026, this Court entered the 557 Procedures Order.

8.      Pursuant to the 557 Procedures Order, the deadline for filing the Grain Claim Form with the U.S. Bankruptcy Clerk was 11:59 p.m. on February 2, 2026 (the "Grain Claim Bar Date"). The 557 Procedures Order expressly provides that "[a] Grain Producer's failure to timely file a Grain Claim Form by such deadline *shall* result in expungement and disallowance of such Grain Producer's claim(s) under these 557 Processes and Procedures without further order of the Court" (emphasis added).

9.      The 557 Procedures Order further provides that "[e]ach Producer of Grain or other party that files a Grain Claim Form . . . must include all information and documents requested by the Grain Claim Form to have its claim to the Grain or the proceeds of the Grain ("Grain Proceeds") determined by the Court pursuant to these 557 Processes and Procedures. . . ."

10.     As expressly set forth in the Grain Claim Form, "[i]f you intend to rely on any documents supporting your claim at the 557 Hearing, you must attach said documents to this form" and "[y]ou may not rely on any documents at the 557 Hearing that are not attached to or referenced in this form."

11.     Pursuant to the 557 Procedures Order, certain parties filed Grain Claim Forms (the "Claimants"), asserting various claims to the Debtor's Grain or proceeds of the Grain ("Grain Proceeds"), including claims based on, among other things, storage, security interests, reclamation, and liens under Texas law.

12.     Set forth below is a summary of all the filed Grain Claim Forms categorized by the basis set forth in the Grain Claim Form:

| Claim Number | Name | Storage | Security Interest | Reclamation | Warehouse Receipts | State Law | Other |
|---|---|---|---|---|---|---|---|
| 273 | Danielski Harvesting & Farming | X | — | — | — | — | — |
| 276 | Jeff /Jeffrey Mark Anderson | — | — | — | — | — | Sold Grain |
| 281 | BB Sczepanski LP | X | — | — | — | — | 507(a)(6) |
| 283 | Ross Townsend | — | — | — | X | | — |
| 284 | Tyler Narloch | X | — | — | — | ND | — |
| 285 | Robert McCarley | X | — | — | — | — | — |
| 289 | Skyler Dowling | X | — | — | — | — | — |
| 290 | Kirby Farms, Inc. | — | — | — | — | — | Sold Grain |
| 292 | Jay Frenzel | — | — | — | X | — | None |
| 293 | Danny Mashburn (DanielT, Mashburn + Son Farms) | X | — | — | X | — | — |
| 295 | Joey Lee Potucek | X | X | — | — | — | — |
| 296 | Collwest Grain Ltd | — | X | — | — | — | — |
| 297 | Cameron Lundeen | — | — | — | — | — | None |
| 298 | Brian Lundeen | — | — | — | — | — | None |
| 299 | S & B Grain Co LLC | — | X | — | — | — | — |
| 300 | Richardson Farms | — | X | — | — | — | — |

| Claim Number | Name | Storage | Security Interest | Reclamation | Warehouse Receipts | State Law | Other |
|---|---|---|---|---|---|---|---|
| 301 | Mitchell Wavra | — | — | — | — | — | Sold Grain |
| 302 | Mark Wavra | — | — | — | — | — | None |
| 303 | Tempel Grain Elevators, LLP | X | — | — | — | — | — |
| 304 | Diamond Rice Inc | X | — | — | — | — | — |
| 305 | River Bottom Farms, LLC | X | — | — | — | — | — |
| 309 | Ethan Leichtman | — | — | — | — | — | Sold Grain |
| 310 | Doug Schwartz Trucking, Inc. | — | — | — | — | — | Non-Producer |
| 312 | Quality Transport | — | — | — | — | — | Non-Producer |
| 313 | Devin Flanders | X | — | — | — | — | — |
| 315 | Oahe Grain Corporation | — | — | — | — | — | Sold Grain |
| 316 | Hasbargen Farms | X | — | — | — | — | — |
| 321 | Michael and Cole Bilbro | — | X | X | — | MS | _ |
| 322 | Campbell Farming | — | X | X | — | MS | _ |
| 323 | Double J Farms | — | X | X | — | MS | _ |
| 324 | E & J Farms | — | X | X | — | MS | _ |
| 326 | William Wagner | X | — | — | — | — | — |
| 327 | Jason Bonifas | — | X | — | — | — | None |

| Claim Number | Name | Storage | Security Interest | Reclamation | Warehouse Receipts | State Law | Other |
|---|---|---|---|---|---|---|---|
| 328 | Weskan Grain, LLC | — | — | — | — | — | 507(a)(6) |
| 329 | Darwin Boutain - Boutain Farms | — | — | — | — | — | Sold Grain |
| 330 | James W Lawrence (Butch Farms) | — | X | — | — | — | — |
| 331 | Erickson Grain | — | — | — | — | — | None |
| 332 | Elliot Agco, General Partnership | — | X | X | — | TX | — |
| 333 | Mikel Brothers Partnership | — | X | — | — | TX | — |
| 334 | Paoli Farmers Co-operative Elevator Company | X | — | — | — | — | — |
| 335 | HF Bostic Farms Inc. | X | — | — | — | — | — |
| 336 | Ben Looney | — | — | — | — | — | None |
| 337 | Dean Hoiland | — | — | — | X | — | — |
| 338 | Roger Love | X | — | — | — | — | — |
| 339 | Royce Ritter | — | — | — | — | — | None |
| 340 | Old Stage Farms | X | — | — | — | — | 507(a)(6) |
| 341 | Howard Pruser | — | X | — | — | TX | — |
| 342 | Kyle Miller | — | X | X | — | TX | — |

| Claim Number | Name | Storage | Security Interest | Reclamation | Warehouse Receipts | State Law | Other |
|---|---|---|---|---|---|---|---|
| 343 | Rodney and Sandra Janczak Farms J.V. | — | X | — | — | TX | Duration of Lien |
| 344 | Golden Harvest Farms, LLC | — | X | — | — | TX | — |
| 347 | Richard Beyer d/b/a/ Richard A. Beyer Farms | — | X | — | — | TX | Claim For Secured Lender |
| 348 | Dustin Mikel | — | X | — | — | TX | Claim For Secured Lender |
| 349 | Haunted Bill Grain, LLC | — | X | — | — | TX | — |
| 350 | J&K A LLC | — | X | — | — | TX | Claim For Secured Lender |
| 351 | Maass Farms, General Partnership | — | X | — | — | TX | — |
| 352 | USB Joint Venture | — | — | — | — | — | Duplicate of 373 |
| 353 | Elm Creek Commodities, LLC | — | X | — | — | TX | — |
| 355 | AKA Farms, A Texas Partnership | — | X | — | — | TX | Claim For Secured Lender |
| 356 | Bures Farms | — | X | — | — | TX | Claim For Secured Lender |
| 357 | Hlavinka Cattle Co. JV | — | X | — | — | TX | Claim For Secured Lender |

| Claim Number | Name | Storage | Security Interest | Reclamation | Warehouse Receipts | State Law | Other |
|---|---|---|---|---|---|---|---|
| 358 | Justin Gaines | — | X | — | X | — | — |
| 359 | Fleming Grain & Cattle, LLC | — | X | — | — | TX | Claim For Secured Lender |
| 360 | Bunge Canada Inc. | — | X | — | — | — | — |
| 361 | Vykukal Farms, LLC | — | X | — | — | TX | Claim For Secured Lender |
| 362 | Justin Hansen d/b/a Hansen Farms | — | X | — | — | TX | — |
| 363 | EFTA Farms, Inc. | — | — | — | — | — | 507(a)(6) |
| 364 | McDougal-Sager and Snodgrass Grain, Inc. | — | — | — | — | — | Sold Grain |
| 365 | Louisiana Department of Agriculture and Forestry | — | — | — | — | LA | 507(a)(6); 507(d); subrogation |
| 366 | Mylan Gehle | — | — | — | X | — | — |
| 367 | Siefker Farms, Inc. | — | — | — | X | — | — |
| 368 | Andrew Gettys | — | — | — | — | — | None |
| 370 | Mcilnay Farms | — | — | — | X | — | — |
| 372 | Michael & Amanda Juenemann | — | — | — | X | — | — |
| 373 | USB Joint Venture | — | X | — | — | TX | Claim For Secured Lender |

| Claim Number | Name | Storage | Security Interest | Reclamation | Warehouse Receipts | State Law | Other |
|---|---|---|---|---|---|---|---|
| 374 | Alan Bonifas | X | — | — | — | — | — |
| 375 | Green Plains Trade Group LLC | — | — | — | — | — | Sold Grain |
| 376 | Keller Grain Inc. | — | X | — | — | — | Sold Grain |
| 377 | Drew Parsley | — | — | — | X | — | — |
| 378 | Magnolia Grain Company | X | — | — | — | — | — |
| 379 | Middleton Planting Co. | X | — | — | — | — | — |
| 385 | Dillon Scott Springer | X | — | — | — | — | — |
| 386 | Keith Meyer Farms | X | — | — | — | — | Sold Grain |
| 387 | Kyle Jeffery Sullivan | — | — | — | — | — | Sold Grain |
| 388 | Roger Love | X | — | — | — | — | Duplicate of 338 |
| 389 | LeRoy Coop | — | — | — | — | — | Sold Grain |
| 390 | Green Plains Trade Group LLC | — | — | — | — | — | Duplicate of 375 |
| 392 | Middleton Planting Co. | — | — | — | — | — | Duplicate of 379 |
| 393 | Alan Atkins | X | — | — | — | — | — |
| 399 | Mazour Farms | X | — | — | X | — | — |

13.     The Debtor and its advisors have evaluated each of the Objected Claims, carefully

comparing the claims and supporting documentation with the Debtor's books and records to

determine whether there are any discrepancies and whether the claims were properly and timely filed in accordance with the 557 Procedures Order.

**<u>OBJECTION</u>**

14.     The Debtor's objections to the Objected Claims are compiled and universally set forth in Exhibit A. Exhibits B through O provide the specific objections to each claim. Failure to disallow the Objected Claims would result in the claimants potentially receiving a greater recovery than that to which they are entitled under the Bankruptcy Code and the 557 Procedures Order, to the detriment of creditors holding valid claims.

15.     The claims included on <u>Exhibits B</u> through <u>O</u> are subject to disallowance on the following grounds:

<u>Exhibit B</u>:  asserting storage claims when Claimant sold grain to Debtor and did not store grain with Debtor, such that no bailment exists and no warehouse receipts or other documents of title exist;

<u>Exhibit C</u>:  failing to include sufficient supporting documentation (*e.g.*, warehouse receipts, security agreements, or UCC-1 Financing Statements) to support claim for storage of grain or security interest in grain;

<u>Exhibit D</u>:  to the extent Texas law applies, which is disputed, failing to properly perfect security interests or lien rights by failing to file a UCC-1 Financing Statement in Nebraska;

<u>Exhibit E</u>:  seeking only priority status under 11 U.S.C. § 507(a)(6) for grain sold to Debtor and not seeking to assert an ownership or property interest in the Grain or Grain Proceeds;

<u>Exhibit F</u>:  asserting improper reclamation demands under 11 U.S.C. § 546, including but not limited to untimely written reclamation demands (not within 10 days of delivery);

10

Exhibit G:  lacking standing to assert purported security interests of claimants' secured creditors;

Exhibit H: even if claimants had standing to assert claims of their secured lenders, failing to demonstrate compliance with the requirements of 7 U.S.C. 1631 (*i.e.*, the Food Security Act of 1985 ("FSA")) by failing to provide a file-stamped effective financing statement and/or proof of providing direct notice to Debtor, who is a buyer in the ordinary course of business;

Exhibit I:  failing to meet the definition of a "producer" under 11 U.S.C. § 557(b)(3);

Exhibit J:  asserting duplicate claims;

Exhibit K: asserting lapsed lien rights (to the extent Texas law applies, which is disputed);

Exhibit L:  lacking a valid legal or factual basis under 11 U.S.C. § 557;

Exhibit M:  asserting rights under the laws of jurisdictions other than Nebraska (*e.g.*, state super priority law and state lien laws);

Exhibit N:  asserting claims filed after the Grain Claim Bar Date that are out of time; and

Exhibit O: asserting claims that do not meet the definition of grain under 11 U.S.C. § 557(b)(1).

16. As shown in Exhibits B through O, the Debtor objects to the Objected Claims on one or more of the following grounds:[2]

B. Grain Sold Rather Than Stored:  No Bailment or Warehouse Receipts Exist

17. Certain of the Objected Claims shown on Exhibit B assert interests in Grain that was sold to the Debtor rather than stored with the Debtor. Where grain was sold to the Debtor, title

---

[2] To the extent that a claim is inadvertently left off of Exhibits B through K, such inadvertent failure to include such claim does not constitute a waiver of the objection to the claim as set forth in Exhibit A.

passed to the Debtor at the time of sale, and no evidence of a bailment relationship or warehouse receipts exist. Many of the Objected Claims shown on Exhibit B attach written purchase contracts or settlement sheets for the sale of Grain from Claimant to Debtor that directly contradict the Claimant's storage claim. No Claimant holds an ownership interest in Grain or Grain Proceeds that they purport to assert, and their claims should be disallowed because they fail to provide any evidence of such ownership interest through warehouse receipts and, in fact, provide evidence of just the opposite by attaching purchase contracts or settlement sheets to their claims.

C.     Insufficient Supporting Documentation

18.     Certain of the Objected Claims shown on Exhibit C fail to include sufficient supporting documentation as required by the 557 Procedures Order and/or the Grain Claim Form, including but not limited to warehouse receipts, security agreements, or UCC-1 Financing Statements. As expressly set forth in the Grain Claim Form, "[i]f you intend to rely on any documents supporting your claim at the 557 Hearing, you must attach said documents to this form" and "[y]ou may not rely on any documents at the 557 Hearing that are not attached to or referenced in this form." Claims that rely on and fail to attach or reference requisite supporting documentation should be disallowed.

D.     Unperfected Security Interests; Failure to File UCC-1 Financing Statement in Nebraska

19.     Certain of the Objected Claims shown on Exhibit D assert security interests by virtue of Texas Property Code Chapter 70, Subchapter E, that are unperfected (the "Texas Super Priority Grain Claimants"). To the extent that the Court determines Texas law applies, the Texas Super Priority Grain Claimants have unperfected security interest because they failed to timely file a valid UCC-1 financing statement in Nebraska, which is where the Debtor is incorporated. Claims based on unperfected interests—including liens where the claimant failed to file a valid financing

statement within the time required by applicable law—are subordinate to prior perfected security interests, subject to avoidance under 11 U.S.C. § 544, and should be disallowed.

E.      Claims Seeking Only Priority under 11 U.S.C. § 507(a)(6)

20.      Certain of the Objected Claims shown on Exhibit E seek priority status under 11 U.S.C. § 507(a)(6), which provides priority for "allowed unsecured claims of persons . . . engaged in the production or raising of grain" up to a specified amount. First and foremost, none of the claimants on Exhibit E provide any supporting documents to assert an ownership interest or security interest in the Grain or Grain Proceeds, making their claims inappropriate under section 557, as section 557 is intended to govern the expedited determination of ownership interests in grain (*e.g.*, storage claims or claims asserting a lien or security interest in grain). In addition, and secondarily, section 507(a)(6) does not apply to grain **sold** by the Claimant to the Debtor because section 507(a)(6) claims were intended by Congress to be similarly limited to claims asserting an ownership or security interest in grain or grain proceeds and were not intended to create an unsecured claim priority solely under section 507(a)(6) for grain sold to the Debtor. Notably, section 507(d) disallows claims of a subrogee asserting priority under section 507(a)(6). *See* 11 U.S.C. § 507(d) (stating "[a]n entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection . . . (a)(6) . . . is not subrogated to the right of the holder of such claim to priority under such subsection.")

F.      Untimely Reclamation Demands under 11 U.S.C. § 546

21.      Certain of the Objected Claims shown on Exhibit F assert reclamation rights under 11 U.S.C. § 546, but the Claimants fail to provide sufficient evidence to support a reclamation demand. Among other deficiencies that will be set forth by Debtor in its brief in support of the Objection, certain claimants failed to make timely reclamation demands as required by 11 U.S.C.

13

§ 546(d). Under 11 U.S.C. § 546(d), a seller's right to reclaim goods is subject to, among other things, the requirement that the seller demand reclamation in writing within ten days after receipt by Debtor. Claims based on untimely reclamation demands should be disallowed.

G.      Lack of Standing to Assert Purported Security Interests of Claimants' Secured Creditors

22.     Certain of the Objected Claims shown on Exhibit G are asserted by Claimants who lack standing to assert the purported security interests of their alleged secured creditors. A claimant may not assert rights belonging to a third party without proper authorization or assignment.

H.      Failure to Comply with FSA; Debtor Is a Buyer in the Ordinary Course

23.     To the extent that Claimants have standing to assert the claims of their secured lenders, certain of the Objected Claims shown on Exhibit H fail because Claimants' secured lenders did not comply with the requirements of the Food Security Act of 1985 ("FSA") by filing an effective financing statement or providing direct notice of its security interests to the Debtor. Claims based on security interests in farm products must comply with the FSA, which requires the filing of an effective financing statement or providing direct notice to the Debtor, to enforce such security interests against a buyer in the ordinary course like Debtor. Claimants fail to demonstrate that Claimants' secured lenders complied with the FSA's requirements, and thus, Debtor purchased Claimants' grain in the ordinary course of business free of the purported secured lenders' security interests.

I.      Claimant Does Not Constitute a "Producer" under 11 U.S.C. § 557(b)(3)

24.     Certain of the Objected Claims shown on Exhibit I were filed by Claimants who do not constitute "producers" as defined by 11 U.S.C. § 557(b)(3). Section 557(b)(3) defines a "producer" as "an entity which engages in the growing of grain." Claimants that do not meet this

definition are not entitled to the protections afforded to grain producers under section 557 of the Bankruptcy Code, and their claims should be disallowed.

J.      Duplicate Claims

24.      Certain of the Objected Claims shown on Exhibit J are duplicates of other claims filed by the same claimant. Duplicate claims should be disallowed and expunged to prevent double recovery.

K.      Duration of Lien Expired

25.      Certain of the Objected Claims shown on Exhibit K assert security interests by virtue of Texas Property Code Chapter 70, Subchapter E, that have expired because grain was delivered to Debtor more than one year ago and the duration of the lien under Texas Property Code § 70.405 is one year. If Texas law applies, such claims for liens that have lapsed under Texas law should be disallowed.

L.      Claims Lacking Valid Legal or Factual Basis Under 11 U.S.C. § 557

26.      Certain of the Objected Claims shown on Exhibit L lack a valid legal or factual basis on the Grain Claim form for their asserted interest in Grain or Grain Proceeds under 11 U.S.C. § 557. Such claims fail to allege facts sufficient to support a legal liability to the claimant and therefore lack prima facie validity. Claims that do not provide a valid basis to constitute a claim under section 557 should be disallowed.

M.      Improper Application of Non-Nebraska Law

27.      Certain of the Objected Claims shown on Exhibit M improperly seek to apply laws from jurisdictions other than Nebraska to claims that are governed by Nebraska law. Such claims assert purported rights that do not exist under Nebraska and should be disallowed because they improperly apply state law from other jurisdictions other than Nebraska.

N.    Late-Filed Claims:  Claims Filed after the Grain Claim Bar Date

28.    Certain of the Objected Claims shown on Exhibit N were filed after the Grain Claim Bar Date of February 2, 2026, and should be disallowed and expunged as untimely pursuant to the express terms of the 557 Procedures Order.

O.    Claim Is Not For "Grain" under 11 U.S.C. § 557(b)(1)

29.    Certain of the Objected Claims shown on Exhibit O assert claims that do not constitute "grain" as defined by 11 U.S.C. § 557(b)(1). Section 557(b)(1) defines a "grain" as "wheat, corn, flaxseed, grain sorghum, barley, oats, rye, soybeans, other dry edible beans, or rice." Claims that do not meet this definition are not entitled to the protections afforded to grain under section 557 of the Bankruptcy Code, and their claims should be disallowed.

## LEGAL BASIS FOR OBJECTION

30.    Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). Courts have described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

31.     Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1). The failure to allege facts and to provide adequate support for a claim eliminates the claim's prima facie validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481– 82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

32.     The 557 Procedures Order approved by this Court established the specific requirements and deadlines for asserting claims to Grain and Grain Proceeds in this case. Claims that fail to comply with the 557 Procedures Order are subject to expungement and disallowance pursuant to the express terms of that Order.

33.     For the reasons set forth herein and on Exhibits A through O, each Objected Claim listed on Exhibits A through O hereto should be disallowed and expunged.

**<u>RESERVATION OF RIGHTS</u>**

34.     The Debtor reserves all rights to amend, modify, and supplement this Objection, and to object on any and all additional bases to the Objected Claims. Nothing in this Objection is intended or shall be deemed to constitute (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of any right of the Debtor to dispute any claim on any other grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by the Objection; or (e) a waiver of any right of the Debtor under the Bankruptcy Code or any other applicable law.

17

**SEPARATE CONTESTED MATTERS**

35.     To the extent that a response is filed regarding any Objected Claim and the Debtor is unable to resolve any such response, each such Objected Claim, and the Objection as it pertains to such Objected Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Debtor requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each claim.

36.     Nothing in this Objection limits the Debtor's ability to settle the priority, amount, and validity of contested claims without any further notice to or action, order, or approval of the Court, pursuant to the provisions of the Bankruptcy Code and Bankruptcy Rules.

**RELIEF REQUESTED**

37.     By this Objection, the Debtor seeks entry of an order, pursuant to sections 502(b) and 557 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing and expunging the Objected Claims identified on Exhibit A, as more specifically described on Exhibits B through O.

38.     All objections contained within this Objection and all claims contained within Exhibits A through N, which are the subject of such objections, are to be treated individually.

**NOTICE**

39.     The Debtor will provide notice of this Motion to (a) the Office of the United States Trustee for the District of Nebraska; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) the Debtor's prepetition secured lenders, BMO Bank N.A., Farm Credit Services of America, PCA, Farm Credit Mid-America, PCA, and CoBank, FCB; (d) the United States Attorney's Office for the District of Nebraska; (e) the Internal Revenue Service; (f) counsel to the

18

official committee of unsecured creditors appointed in this chapter 11 case; (g) the Nebraska Department of Revenue; and (h) all parties on the Rule 2002 Notice list.

40.     The Debtor submits that, under the circumstances, no further notice of the hearing is necessary and requests that any further notice be dispensed with and waived.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein, including more specifically: (a) disallowing and expunging each Objected Claim listed on Exhibits A through O; (b) granting leave to submit a proposed Order; and (c) granting such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 3rd day of March, 2026.

HANSEN-MUELLER CO., Debtor,

By: */s/ Brian J. Koenig*
Brian J. Koenig, #23807
Donald L. Swanson, #16385
Trevor J Lee, #27063
KOLEY JESSEN P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, NE 68124
(402) 390-9500
(402) 390-9005 (fax)
Brian.Koenig@koleyjessen.com
Don.Swanson@koleyjessen.com
Trevor.Lee@koleyjessen.com

| Claimant | Claim Number | Basis For Disallowance |
|---|---|---|
| Danielski Harvesting & Farming | 273 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Jeff /Jeffrey Mark Anderson | 276 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| BB Sczepanski LP | 281 | • Claimant seeks priority status under 11 U.S.C. § 507(a)(6) and does not qualify for priority status.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Ross Townsend | 283 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Tyler Narloch | 284 | • Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>    o Grain was sold to Debtor and was not stored with Debtor as contended in Claim. Accordingly, N.D. Century Code § 4.1-58-27 is inapplicable.<br>    o Under 11 U.S.C. § 546(i)(1)(D), insolvency cannot serve as the triggering event.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |

| | | |
|---|---|---|
| Robert McCarley | 285 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Skyler Dowling | 289 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Kirby Farms Inc. | 290 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Jay Frenzel | 292 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documentation (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Danny Mashburn (Daniel T. Mashburn & Son Farms) | 293 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Joey Lee Potucek | 295 | • Claim does not include supporting documentation (*e.g.*, warehouse receipt, security agreement, or UCC-1 Financing Statement) to support claim of storage of grain or security interest in grain.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Collwest Grain Ltd. | 296 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim does not include supporting documentation (*e.g.*, warehouse receipt, security agreement, or UCC-1 Financing Statement) to support claim of storage of grain or security interest in grain.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |

| | | |
|---|---|---|
| Cameron Lundeen | 297 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Brian Lundeen | 298 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| S&B Grain Co. LLC | 299 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim does not include supporting documentation (*e.g.*, security agreement or UCC-1 Financing Statement) to support claim of security interest in grain. |
| Richardson Farms | 300 | • Claim does not include supporting documentation (*e.g.*, security agreement or UCC-1 Financing Statement) to support claim of security interest in grain. |
| Mitchell Wavra | 301 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Mark Wavra | 302 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Tempel Grain Elevators LLP | 303 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |

| | | |
|---|---|---|
| | | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Diamond Rice Inc. | 304 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| River Bottom Farms, LLC | 305 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Ethan Leichtman | 309 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Doug Schwartz Trucking, Inc. | 310 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557. |
| Quality Transport | 312 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Devin Flanders | 313 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |

| | | |
|---|---|---|
| Oahe Grain Corporation | 315 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Hasbargen Farms | 316 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Michael and Cole Bilbro | 321 | • Claimant submitted no evidence of a purported security interest in the grain (*e.g.*, no security agreement or UCC-1 Financing Statement).<br>• Claimant fails to include supporting documents (*e.g.*, timely written demand for reclamation or warehouse receipts) to provide a basis for reclamation or storage claim.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 546.<br>• Claimant's reclamation demand was not timely under 11 U.S.C. § 546.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law. |
| Campbell Farming | 322 | • Claimant submitted no evidence of a purported security interest in the grain (*e.g.*, no security agreement or UCC-1 Financing Statement).<br>• Claimant fails to include supporting documents (*e.g.*, timely written demand for reclamation or warehouse receipt) to provide a basis for reclamation or storage claim.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 546.<br>• Claimant's reclamation demand was not timely under 11 U.S.C. § 546.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law. |
| Double J Farms | 323 | • Claimant submitted no evidence of a purported security interest in the grain (*e.g.*, no security agreement or UCC-1 Financing Statement). |

| | | |
|---|---|---|
| | | • Claimant fails to include supporting documents (*e.g.*, timely written demand for reclamation or warehouse receipt) to provide a basis for reclamation or storage claim.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 546.<br>• Claimant's reclamation demand was not timely under 11 U.S.C. § 546.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law. |
| E & J Farms | 324 | • Claimant submitted no evidence of a purported security interest in the grain (*e.g.*, authenticated security agreement or UCC-1 Financing Statement).<br>• Claimant fails to include supporting documents (*e.g.*, timely written demand for reclamation or warehouse receipt) to provide a basis for reclamation or storage claim.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 546.<br>• Claimant's reclamation demand was not timely under 11 U.S.C. § 546.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law. |
| William Wagner | 326 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Jason Bonifas | 327 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documentation (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Weskan Grain, LLC | 328 | • Claimant seeks priority status under 11 U.S.C. § 507(a)(6), and does not qualify for priority status.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |

| | | |
|---|---|---|
| | | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Darwin Boutain - Boutain farms | 329 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Butch Farms | 330 | • Claim does not include supporting documentation (*e.g.*, security agreement or UCC-1 Financing Statement) to support claim of security interest in grain. |
| Erickson Grain | 331 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Elliott Agco | 332 | • Claim does not include supporting documentation (*e.g.*, security agreement or valid UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 546.<br>• Claimant's reclamation demand was not timely under 11 U.S.C. § 546.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Mikel Brothers Partnership | 333 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Paoli Farmers Co-Operative Elevator Company | 334 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |

| | | |
|---|---|---|
| | | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| HF Bostic Farms Inc | 335 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Ben Looney | 336 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documentation (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Dean Hoiland | 337 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Roger Love | 338 | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Grain was sold to Debtor and was not stored with Debtor as contended in Claim. |
| Royce Ritter | 339 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documentation (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Old Stage Farms | 340 | • Claimant seeks priority status under 11 U.S.C. § 507(a)(6) and does not qualify for priority status.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Howard Pruser | 341 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain. |

| | | |
|---|---|---|
| | | • Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Kyler Miller | 342 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• Claim fails to include sufficient supporting documents to provide a basis for a claim under 11 U.S.C. § 546.<br>• Claimant's reclamation demand was not timely under 11 U.S.C. § 546.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Rodney and Sandra Janczak Farms J.V. | 343 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement.<br>• If Texas law applies, Claimant's claim for 1,207.50 bushels of corn delivered on August 30, 2020, has lapsed because the duration of a lien under Texas Property Code § 70.405 is one year. |
| Golden Harvest Farms, LLC | 344 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Richard Beyer d/b/a Richard A. Beyer Farms | 347 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor. |

|  |  |  |
|---|---|---|
|  |  | <ul><li>Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor.</li><li>If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement.</li></ul> |
| Dustin Mikel | 348 | <ul><li>Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.</li><li>Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.</li><li>If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement.</li><li>Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.</li><li>Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor.</li></ul> |
| Haunted Bill Grain, LLC | 349 | <ul><li>Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.</li><li>Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.</li><li>If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement.</li></ul> |
| J&K AG LLC | 350 | <ul><li>Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.</li><li>Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.</li><li>Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.</li><li>Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor.</li><li>If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement.</li></ul> |

| | | |
|---|---|---|
| MAASS Farms | 351 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| USB Joint Venture | 352 | • Duplicate of Claim 373. See objections to Claim 373. |
| Elm Creek Commodities, LLC | 353 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| AKA Farms | 355 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.<br>• Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Bures Farms | 356 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.<br>• Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor. |

| | | |
|---|---|---|
| Hlavinka Cattle Co. JV | 357 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.<br>• Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Justin Gaines | 358 | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim. Claimant does not possess warehouse receipts.<br>• Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain. |
| Fleming Grain & Cattle, LLC | 359 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.<br>• Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| Bunge Canada Inc. | 360 | • Claim does not include documentation proving Claimant has an authenticated security interest in grain because the contract is unsigned. |
| Vykukal Farms, LLC | 361 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law. |

| | | |
|---|---|---|
| | | • If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement.<br>• Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.<br>• Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor. |
| Justin Hansen d/b/a Hansen Farms | 362 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.<br>• If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement. |
| EFTA Farms, Inc. | 363 | • Claimant seeks priority status under 11 U.S.C. § 507(a)(6) and does not qualify for priority status.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| McDougal-Sager and Snodgrass Grain, Inc. | 364 | • Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documentation (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Louisiana Department of Agriculture and Forestry | 365 | • Claim fails to include sufficient supporting documentation (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.<br>• Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 507 and does not qualify for priority status.<br>• Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law. |
| Mylan Gehle | 366 | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |

| | | |
|---|---|---|
| Siefker Farms, Inc. | 367 | <ul><li>Grain was sold to Debtor and was not stored with Debtor as contended in Claim.</li><li>Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.</li></ul> |
| Andrew Gettys | 368 | <ul><li>Claim fails to include sufficient supporting documentation (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.</li><li>Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.</li><li>Claim fails to include sufficient supporting documentation to provide a basis for a claim under 11 U.S.C. § 557.</li></ul> |
| McIlnay Farms | 370 | <ul><li>Grain was sold to Debtor and was not stored with Debtor as contended in Claim. Claimant does not possess warehouse receipts.</li><li>Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.</li></ul> |
| Michael & Amanda Juenemann | 372 | <ul><li>Grain was sold to Debtor and was not stored with Debtor as contended in Claim.</li><li>Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557.</li></ul> |
| USB Joint Venture | 373 | <ul><li>Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain.</li><li>Claim improperly seeks to apply a non-Nebraska law to a claim governed by Nebraska law.</li><li>If Texas law applies, Claimant has an unperfected security interest because it failed to timely file a valid financing statement.</li><li>Claimant lacks standing to assert the purported security interest of Claimant's purported secured creditor.</li><li>Even if Claimant has standing to assert the rights of its purported secured creditor, the claim does not include supporting documentation to support claim of security interest of Claimant's purported secured creditor.</li></ul> |
| Alan Bonifas | 374 | <ul><li>Grain was sold to Debtor and was not stored with Debtor as contended in Claim.</li></ul> |

| | | |
|---|---|---|
| | | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Green Plains Trade Group LLC | 375 | • Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3). <br>• Goods delivered to the Debtor do not constitute grain under 11 U.S.C. § 557(b)(1). <br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Keller Grain Inc. | 376 | • Claim does not include supporting documentation (e.g. security agreement or UCC-1 Financing Statement) to support claim of security interest in grain. |
| Drew Parsley | 377 | • Claim is untimely as it was filed after the February 2, 2026 Grain Claim Bar Date. <br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Magnolia Grain Company | 378 | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim. <br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Middleton Planting Co. | 379 | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim. <br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Dillon Scott Springer | 385 | • Claim is untimely as it was filed after the February 2, 2026 Grain Claim Bar Date. <br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Keith Meyer Farms | 386 | • Claim is untimely as it was filed after the February 2, 2026 Grain Claim Bar Date. <br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Kyle Jeffrey Sullivan | 387 | • Claim is untimely as it was filed after the February 2, 2026 Grain Claim Bar Date. |

| | | |
|---|---|---|
| | | • Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Roger Love | 388 | • Duplicate of Claim 338. See objections to Claim 338. |
| LeRoy Coop | 389 | • Claim is untimely as it was filed after the February 2, 2026 Grain Claim Bar Date.<br>• Claimant does not constitute a producer under 11 U.S.C. § 557(b)(3).<br>• Claim does not provide a valid basis to constitute a claim under 11 U.S.C. § 557.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Green Plains Trade Group LLC | 390 | • Duplicate of Claim 375. See objections to Claim 375. |
| Middleton Planting Co. | 392 | • Duplicate of Claim 379. See objections to Claim 379. |
| Alan Atkins | 393 | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |
| Mazour Farms | 399 | • Grain was sold to Debtor and was not stored with Debtor as contended in Claim.<br>• Claim fails to include sufficient supporting documents (*e.g.*, warehouse receipt) to provide a basis for a claim under 11 U.S.C. § 557. |

# EXHIBIT B

The Debtor objects to the claims listed below because the claims assert interests in Grain that was sold to the Debtor rather than stored with the Debtor. Where grain was sold to the Debtor, title passed to the Debtor at the time of sale, and no bailment relationship or storage relationship exists. Further, no warehouse receipts or other documents of title reflecting ownership by claimant exist. Accordingly, such claimants do not hold the ownership interests in Grain or Grain Proceeds that they purport to assert, and their claims should be disallowed.

| Claimant | Claim Number |
|---|---|
| Danielski Harvesting & Farming | 273 |
| Jeff/Jeffery Mark Anderson | 276 |
| BB Szepanski LP | 281 |
| Ross Townsend | 283 |
| Tyler Narloch | 284 |
| Robert McCarley | 285 |
| Skyler Dowling | 289 |
| Kirby Farms Inc. | 290 |
| Jay Frenzel | 292 |
| Danny Mashburn (Daniel T. Mashburn & Son Farms) | 293 |
| Joey Lee Potucek | 295 |
| Mitchel Wavra | 301 |
| Tempel Grain Elevators LLP | 303 |
| Diamond Rice Inc. | 304 |
| River Bottom Farms, LLC | 305 |
| Ethan Leichtman | 309 |
| Devin Flanders | 313 |
| Oahe Grain Corporation | 315 |
| Hasbargen Farms | 316 |

| | |
|---|---|
| William Wagner | 326 |
| Darwin Boutain - Boutain farms | 329 |
| Paoli Farmers Co-Operative Elevator Company | 334 |
| HF Bostic Farms Inc | 335 |
| Dean Hoiland | 337 |
| Roger Love | 338 |
| Old Stage Farms | 340 |
| Justin Gaines | 358 |
| Mylan Gehle | 366 |
| Siefker Farms, Inc. | 367 |
| McIlnay Farms | 370 |
| Michael & Amanda Juenemann | 372 |
| Alan Bonifas | 374 |
| Green Plains Trade Group LLC | 375 |
| Drew Parsley | 377 |
| Magnolia Grain Company | 378 |
| Middleton Planting Co. | 379 |
| Dillon Scott Springer | 385 |
| Keith Meyer Farms | 386 |
| Kyle Jeffery Sullivan | 387 |
| Alan Atkins | 393 |
| Mazour Farms | 399 |

**EXHIBIT C**

The Debtor objects to the claims listed below because they fail to include sufficient supporting documentation as required by the 557 Procedures Order and/or the Grain Claim Form, including but not limited to warehouse receipts, security agreements, or UCC-1 Financing Statements. As expressly set forth in the Grain Claim Form, "[i]f you intend to rely on any documents supporting your claim at the 557 Hearing, you must attach said documents to this form" and "[y]ou may not rely on any documents at the 557 Hearing that are not attached to or referenced in this form." Claims that failed to attach or reference requisite supporting documentation should be disallowed.

| Claimant | Claim Number |
|---|---|
| Danielski Harvesting & Farming | 273 |
| Jeff /Jeffrey Mark Anderson | 276 |
| BB Sczepanski LP | 281 |
| Ross Townsend | 283 |
| Tyler Narloch | 284 |
| Robert McCarley | 285 |
| Skyler Dowling | 289 |
| Kirby Farms Inc. | 290 |
| Jay Frenzel | 292 |
| Danny Mashburn (Daniel T. Mashburn & Son Farms) | 293 |
| Joey Lee Potucek | 295 |
| Collwest Grain Ltd. | 296 |
| Cameron Lundeen | 297 |
| Brian Lundeen | 298 |
| S&B Grain Co. LLC | 299 |
| Richardson Farms | 300 |

| | |
|---|---|
| Mitchell Wavra | 301 |
| Mark Wavra | 302 |
| Tempel Grain Elevators LLP | 303 |
| Diamond Rice Inc. | 304 |
| River Bottom Farms, LLC | 305 |
| Ethan Leichtman | 309 |
| Doug Schwartz Trucking, Inc. | 310 |
| Quality Transport | 312 |
| Devin Flanders | 313 |
| Oahe Grain Corporation | 315 |
| Hasbargen Farms | 316 |
| Michael and Cole Bilbro | 321 |
| Campbell Farming | 322 |
| Double J Farms | 323 |
| E & J Farms | 324 |
| William Wagner | 326 |
| Jason Bonifas | 327 |
| Weskan Grain, LLC | 328 |
| Darwin Boutain - Boutain farms | 329 |
| Butch Farms | 330 |
| Erickson Grain | 331 |
| Elliott Agco | 332 |
| Mikel Brothers Partnership | 333 |
| Paoli Farmers Co-Operative Elevator Company | 334 |
| HF Bostic Farms Inc | 335 |
| Ben Looney | 336 |
| Dean Hoiland | 337 |
| Roger Love | 338 |
| Royce Ritter | 339 |
| Old Stage Farms | 340 |

| | |
|---|---|
| Howard Pruser | 341 |
| Kyler Miller | 342 |
| Rodney and Sandra Janczak Farms J.V. | 343 |
| Golden Harvest Farms, LLC | 344 |
| Richard Beyer d/b/a Richard A. Beyer Farms | 347 |
| Dustin Mikel | 348 |
| Haunted Bill Grain, LLC | 349 |
| J&K AG LLC | 350 |
| MAASS Farms | 351 |
| Elm Creek Commodities, LLC | 353 |
| AKA Farms | 355 |
| Bures Farms | 356 |
| Hlavinka Cattle Co. JV | 357 |
| Justin Gaines | 358 |
| Fleming Grain & Cattle, LLC | 359 |
| Bunge Canada Inc. | 360 |
| Vykukal Farms, LLC | 361 |
| Justin Hansen d/b/a Hansen Farms | 362 |
| EFTA Farms, Inc. | 363 |
| McDougal-Sager and Snodgrass Grain, Inc. | 364 |
| Louisiana Department of Agriculture and Forestry | 365 |
| Mylan Gehle | 366 |
| Siefker Farms, Inc. | 367 |
| Andrew Gettys | 368 |
| McIlnay Farms | 370 |
| Michael & Amanda Juenemann | 372 |
| USB Joint Venture | 373 |
| Alan Bonifas | 374 |
| Green Plains Trade Group LLC | 375 |
| Keller Grain Inc. | 376 |

| | |
|---|---|
| Drew Parsley | 377 |
| Magnolia Grain Company | 378 |
| Middleton Planting Co. | 379 |
| Dillon Scott Springer | 385 |
| Keith Meyer Farms | 386 |
| Kyle Jeffrey Sullivan | 387 |
| LeRoy Coop | 389 |
| Alan Atkins | 393 |
| Mazour Farms | 399 |

## EXHIBIT D

The Debtor objects to the claims listed below as they assert security interests by virtue of Texas Property Code Chapter 70, Subchapter E, that are unperfected (the "Texas Super Priority Grain Claimants"). To the extent that the Court determines Texas law applies, the Texas Super Priority Grain Claimants have unperfected security interest because they failed to timely file a valid financing statement in Nebraska, the location Debtor is incorporated, to perfect their lien claims. Claims based on unperfected interests—including liens where the claimant failed to file a valid financing statement within the time required by applicable law—are subordinate to prior perfected security interests, subject to avoidance under 11 U.S.C. § 544, and should be disallowed.

| Claimant | Claim Number |
| --- | --- |
| Elliot Agco, General Partnership | 332 |
| Mikel Brothers Partnership | 333 |
| Howard Pruser | 341 |
| Kyler Miller | 342 |
| Rodney and Sandra Janczak Farms J.V. | 343 |
| Golden Harvest Farms, LLC | 344 |
| Richard Beyer d/b/a Richard A. Beyer Farms | 347 |
| Dustin Mikel | 348 |
| Haunted Bill Grain, LLC | 349 |
| J&K AG LLC | 350 |
| MAASS Farms | 351 |
| Elm Creek Commodities, LLC | 353 |
| AKA Farms, Texas Partnership | 355 |
| Bures Farms | 356 |
| Hlavinka Cattle Co JV | 357 |
| Fleming Grain & Cattle, LLC | 359 |

| | |
|---|---|
| Vykukal Farms, LLC | 361 |
| Justin Hansen d/b/a Hansen Farms | 362 |
| USB Joint Venture | 373 |

## EXHIBIT E

The Debtor objects to the claims listed below because they seek priority status under 11 U.S.C. § 507(a)(6), which provides priority for "allowed unsecured claims of persons . . . engaged in the production or raising of grain" up to a specified amount. First and foremost, none of the claimants provide any supporting documents to assert an ownership interest or security interest in the Grain or Grain Proceeds, making their claims inappropriate under section 557, as section 557 is intended to govern the expedited determination of ownership interests in grain (*e.g.*, storage claims, claims asserting a lien, or security interest in grain). In addition, and secondarily, section 507(a)(6) does not apply to grain sold by the Claimant to the Debtor because section 507(a)(6) claims were intended by Congress to be similarly limited to claims asserting an ownership or security interest in grain or grain proceeds and were not intended to create an unsecured claim priority solely under section 507(a)(6) for grain sold to the Debtor. Notably, section 507(d) disallows claims of a subrogee asserting priority under section 507(a)(6). *See* 11 U.S.C. § 507(d) (stating "[a]n entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection . . . (a)(6) . . . is not subrogated to the right of the holder of such claim to priority under such subsection.")

| Claimant | Claim Number |
|---|---|
| BB Sczepanski LP | 281 |
| Weskan Grain, LLC | 328 |
| Old Stage Farms | 340 |
| EFTA Farms, Inc. | 363 |
| Louisiana Department of Agriculture and Forestry | 365 |

44

**EXHIBIT F**

The Debtor objects to the claims listed below as they assert reclamation rights under 11 U.S.C. § 546, but the claimants failed to provide sufficient evidence to support a reclamation demand. Among other deficiencies as will be set forth by Debtor in its brief in support of the Objection, claimants failed to make timely reclamation demands as required by that 11 U.S.C. § 546(d). Under 11 U.S.C. § 546(d), a seller's right to reclaim goods is subject to, among other things, the requirement that the seller demand reclamation in writing within ten days after receipt by Debtor. Claims based on untimely reclamation demands should be disallowed.

| Claimant | Claim Number |
|---|---|
| Michael and Cole Bilbro | 321 |
| Campbell Farming | 322 |
| Double J Farms | 323 |
| E & J Farms | 324 |
| Elliott Agco | 332 |
| Kyler Miller | 342 |

**EXHIBIT G**

The Debtor objects to the claims listed below because claimants lack standing to assert the purported security interests of their alleged secured creditors. A claimant may not assert rights belonging to a third party without proper authorization or assignment.

| Claimant | Claim Number |
|---|---|
| Richard Beyer d/b/a Richard A. Beyer Farms | 347 |
| Dustin Mikel | 348 |
| J&K AG LLC | 350 |
| AKA Farms | 355 |
| Bures Farms | 356 |
| Hlavinka Cattle Co. JV | 357 |
| Fleming Grain & Cattle, LLC | 359 |
| Vykukal Farms, LLC | 361 |
| USB Joint Venture | 373 |

<h1 style="text-align:center"><strong><u>EXHIBIT H</u></strong></h1>

The Debtor objects to the claims listed below because Claimants' secured lenders did not comply with the requirements of the Food Security Act of 1985 ("<u>FSA</u>") by filing an effective financing statement or providing direct notice of its security interests to the Debtor. Claims based on security interests in farm products must comply with the FSA, which requires the filing of an effective financing statement or providing direct notice to the Debtor, to enforce such security interests against a buyer in the ordinary course like Debtor. Claimants fail to demonstrate that Claimants' secured lenders complied with the FSA's requirements, and thus, Debtor purchased Claimants' grain in the ordinary course of business free of the purported secured lenders' security interests.

| Claimant | Claim Number |
|---|---|
| Richard Beyer d/b/a Richard A. Beyer Farms | 347 |
| Dustin Mikel | 348 |
| J&K AG LLC | 350 |
| AKA Farms | 355 |
| Bures Farms | 356 |
| Hlavinka Cattle Co. JV | 357 |
| Fleming Grain & Cattle, LLC | 359 |
| Vykukal Farms, LLC | 361 |
| USB Joint Venture | 373 |

**EXHIBIT I**

The Debtor objects to the claims listed below because they were filed by claimants who do not constitute "producers" as defined by 11 U.S.C. § 557(b)(3). Section 557(b)(3) defines a "producer" as "an entity which engages in the growing of grain." Claimants do not meet this definition and, thus, are not entitled to the protections afforded to grain producers under section 557 of the Bankruptcy Code, and their claims should be disallowed.

| Claimant | Claim Number |
|---|---|
| Collwest Grain Ltd. | 296 |
| S&B Grain Co. LLC | 299 |
| Tempel Grain Elevators LLP | 303 |
| Diamond Rice Inc. | 304 |
| Doug Schwartz Trucking, Inc. | 310 |
| Quality Transport | 312 |
| Oahe Grain Corporation | 315 |
| Paoli Farmers Co-Operative Elevator Company | 334 |
| Green Plains Trade Group LLC | 375 |
| LeRoy Coop | 389 |

The Debtor objects to the claims listed below as they are duplicates of other claims filed by the same claimant. Duplicate claims should be disallowed and expunged to prevent double recovery.

| Claimant | Claim Number |
|---|---|
| USB Joint Venture | 352 |
| Roger Love | 388 |
| Green Plains Trade Group LLC | 390 |
| Middleton Planting Co. | 392 |

**EXHIBIT K**

The Debtor objects, in part, to the claim listed below as it asserts a security interest by virtue of Texas Property Code Chapter 70, Subchapter E, in 1,207.50 bushels of corn that has expired because the corn was delivered to Debtor more than one year ago and the duration of the interest/lien under Texas Property Code § 70.405 is one year. If Texas law applies, such claims for interests/liens that have lapsed under Texas law should be disallowed.

| Claimant | Claim Number |
|---|---|
| Rodney and Sandra Janczak Farms J.V. | 343 |

## EXHIBIT L

The Debtor objects to the claims listed below as the claims lack a valid legal or factual basis for the asserted interest in Grain or Grain Proceeds under 11 U.S.C. § 557. Such claims fail to allege facts sufficient to support a legal liability to the claimant and therefore lack prima facie validity. Claims that do not provide a valid basis to constitute a claim under section 557 should be disallowed.

| Claimant | Claim Number |
|---|---|
| Jeff /Jeffrey Mark Anderson | 276 |
| Jay Frenzel | 292 |
| Cameron Lundeen | 297 |
| Brian Lundeen | 298 |
| Mitchell Wavra | 301 |
| Mark Wavra | 302 |
| Ethan Leichtman | 309 |
| Doug Schwartz Trucking, Inc. | 310 |
| Quality Transport | 312 |
| Oahe Grain Corporation | 315 |
| Jason Bonifas | 327 |
| Erickson Grain | 331 |
| Ben Looney | 336 |
| Royce Ritter | 339 |
| McDougal-Sager and Snodgrass Grain, Inc. | 364 |
| Andrew Gettys | 368 |
| LeRoy Coop | 389 |

The Debtor objects to the claims listed below as they improperly seek to apply laws from jurisdictions other than Nebraska to claims that are governed by Nebraska law. Such claims should be disallowed because they improperly apply state law from other jurisdictions other than Nebraska.

| Claimant | Claim Number |
|---|---|
| Tyler Narloch | 284 |
| Michael and Cole Bilbro | 321 |
| Campbell Farming | 322 |
| Double J Farms | 323 |
| E&J Farms | 324 |
| Elliott Agco | 332 |
| Mikel Brothers Partnership | 333 |
| Howard Pruser | 341 |
| Kyler Miller | 342 |
| Rodney and Sandra Janczak Farms J.V. | 343 |
| Golden Harvest Farms, LLC | 344 |
| Richard Beyer d/b/a Richard A. Beyer Farms | 347 |
| Dustin Mikel | 348 |
| Haunted Bill Grain, LLC | 349 |
| J&K AG LLC | 350 |
| MAASS Farms | 351 |
| Elm Creek Commodities, LLC | 353 |
| AKA Farms | 355 |
| Bures Farms | 356 |
| Hlavinka Cattle Co. JV | 357 |
| Fleming Grain & Cattle, LLC | 359 |
| Vykukal Farms, LLC | 361 |

| | |
|---|---|
| Justin Hansen d/b/a Hansen Farms | 362 |
| Louisiana Department of Agriculture and Forestry | 365 |
| USB Joint Venture | 373 |

## EXHIBIT N

The Debtor objects to the claims listed below because they were filed after the Grain Claim Bar Date of February 2, 2026, and should be disallowed and expunged as untimely pursuant to the express terms of the 557 Procedures Order.

| Claimant | Claim Number |
|---|---|
| Drew Parsley | 377 |
| Dillon Scott Springer | 385 |
| Keith Meyer Farms | 386 |
| Kyle Jeffrey Sullivan | 387 |
| LeRoy Coop | 389 |

**EXHIBIT O**

The Debtor objects to the claim listed below because it asserts a claim that does not constitute "grain" as defined by 11 U.S.C. § 557(b)(1). Section 557(b)(1) defines a "grain" as "wheat, corn, flaxseed, grain sorghum, barley, oats, rye, soybeans, other dry edible beans, or rice." Claimant does not meet this definition and, thus, is not entitled to the protections afforded to grain producers under section 557 of the Bankruptcy Code, and its claim should be disallowed.

| Claimant | Claim Number |
|---|---|
| Green Plains Trade Group, LLC | 375 |