## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HANSEN-MUELLER, INC.,[1] | ) | Case No. 25-81226 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### THE PREPETITION SECURED PARTIES' JOINDER TO AND BRIEF IN SUPPORT OF DEBTOR HANSEN-MUELLER CO.'S OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED PURSUANT TO 11 U.S.C. §557 PROCEDURES

BMO Bank N.A., as administrative agent and collateral agent for certain revolver loan lenders (the "*Revolver Loan Lenders*") and term loan lenders (the "*Term Loan Lenders*" and together with the Revolver Loan Lenders, the "*Prepetition Senior Lenders*" and together with BMO, the "*Prepetition Secured Parties*"), by and through the undersigned counsel, hereby files this joinder to and Brief in Support of Debtor Hansen-Mueller Co.'s Omnibus Objection to Certain Claims Filed Pursuant to 11 U.S.C. §557 Procedures (Doc. No. 430) ("*Omnibus Objection*"), and in support thereof states as follows:

### THE PREPETITION SECURED LENDERS' FIRST-PRIORITY SECURITY INTEREST

1. The Prepetition Secured Parties are first-priority lien holders in substantially all of Debtor's assets pursuant to that certain Credit Agreement, dated as of March 30, 2023 (as amended, amended and restated, supplemented, or otherwise modified from time to time, the *"Credit Agreement"*) and Security Agreement, dated as of March 30, 2023 (and together with the Credit Agreement and all related loan documents entered into between Debtor and the Prepetition Secured Lenders, the "*Loan Documents*"). The Prepetition Secured Parties perfected their security interest

---

[1] The last four digits of the Debor's taxpayer identification number are 9385. The Debtor's location is 13321 California Street, Suite 100, Omaha, NE 68154.

in Debtor's personal property assets (the "*Collateral*") by filing a UCC Financing Statement in the Office of the Nebraska Secretary of State on March 31, 2023, Doc. No. 2303001309-3.

2.	As of the Petition Date, Debtor was indebted to the Prepetition Secured Parties under the term loans in an aggregate outstanding principal balance of not less than $18,875,000.00 (the "*Prepetition Term Loan Obligations*") and revolving loans with an aggregate outstanding principal balance of not less than $32,008,149.16 (the *"Prepetition Revolving Loan Obligations"*), for a total outstanding principal balance of not less than $50,883,149.20, and together with the deficiency fee of $2,598,404.00 (the "*Deficiency Fee*" and such obligations, collectively, the *"Prepetition Obligations"*).[2]

3.	The Prepetition Secured Parties, relying on their first priority lien position, have to date consented to Debtor's use of over $11,000,000.00 of their collateral proceeds to fund Debtor's operations and professional fees, with the collective goal being an effective and efficient winddown and liquidation to the benefit of all parties in interest.

4.	This reliance was based in part on the due diligence the Prepetition Secured Parties exercised to ensure their first priority security interest in all of Debtor's personal property remained unchallenged following the parties entry into the Credit Agreement. Those efforts included regularly conducting UCC financing statement filing searches, looking for potential competing inventory or other personal property security interest or lien filings in Nebraska, the state of Debtor's organization and required filing location under the Uniform Commercial Code. This was repeated most recently before Debtor's bankruptcy filing when Debtor and the Prepetition Secured Parties negotiated and entered into their final Forbearance Agreement in late September 2025 prior to Debtor's bankruptcy filing.

---

[2]	Pursuant to the Credit Agreement, the Revolver Loan Lenders are entitled to payment from the proceeds of the Collateral until the Prepetition Revolving Loan Obligations are paid in full, and then the Term Loan Lenders are entitled to proceeds of the Collateral.

5.     As of the Petition Date, no other secured party and none of the current Grain Claimants had a UCC financing statement on file in the Nebraska Secretary of State against any of Debtor's personal property assets[3] including its grain inventory except the Prepetition Secured Parties.  Similarly, the Prepetition Secured Parties had no notice that any of the Grain Claimants claimed liens on the Debtor's grain inventory until after this case was filed.  As such, if those previously undisclosed grain claims are now allowed a super priority status, it would be highly prejudicial to the Prepetition Secured Parties' interests.

**JOINDER AND OBJECTIONS TO CERTAIN CLAIMS FILED PURSUANT TO 11 U.S.C. §557**

6.     The Prepetition Secured Parties join in, adopt and incorporate by reference the Debtor's Omnibus Objection to Certain Claims Filed Pursuant to 11 U.S.C. §557 Procedures (Doc. No. 430) and Debtor's Brief in Support of Omnibus Objection to Certain Claims Filed Pursuant to 11 U.S.C. §557 Procedures (Doc. No. 441) ("*Debtor's Supporting Brief*").

7.     The Prepetition Secured Parties further emphasize that, as more fully demonstrated by Debtor, the Texas Super Priority Grain Claimants (as defined in Debtor's Omnibus Objection and set forth on Exhibit D to the Omnibus Objection) (hereinafter, the "*Exhibit D Claims*"), the very claimants that drove this §557 process and procedures (to the great expense of Debtor's estate), do not have valid, perfected security interests under Texas (or Nebraska) law.

8.     As noted in the Texas Producers' Amended Emergency Motion for Procedures Under 11 U.S.C. §557 for Determination of Rights in Grain and Grain Proceeds, and for Segregation and Protection of Proceeds (Doc. No. 122), the Texas UCC specifies that agricultural lien perfection and priority are governed by the law of the jurisdiction where "farm products are located." Tex. Bus. & Com. Code §9.302.  Section 9.307(b) of the Texas UCC defines a debtor's location as its state or organization.  Tex. Bus. & Com. Code §9.307(b).  Thus, even if Texas law

---

[3]     The only exceptions being a few specific equipment filings that are not relevant to the Debtor's Omnibus Objections.

applies it would still require that any required financing statement be filed in the jurisdiction the Debtor is organized in, namely Nebraska, to effectively perfect an Exhibit D Claim's lien. Since no holder of an Exhibit D Claim filed a financing statement in Nebraska, all the Exhibit D Claims are unperfected.

9. As further admitted by the Exhibit D Claimants in each of their Grain Claims, if a financing statement covering the agricultural crop is not timely filed, then the lien is considered unperfected. Tex. Prop. Code Ann. §70.4045(b); *see* e.g., Hlavinka Cattle Co. JV Grain Claim Form (Doc. No. 357). The Exhibit D Claims having failed to file UCC financing statements in Nebraska (or, as more fully detailed in Debtor's Supporting Brief, having failed to timely file a UCC financing statement in Texas or having failed to file a UCC financing statement anywhere at any time) cannot be afforded super priority status and should be invalidated.

10. The only result this Court can reach is that the holders of Exhibit D Claims failed to comply with Texas (and Nebraska) law and cannot assert a security interest in the grain sold to Debtor (as a buyer in the ordinary course of business or as a good faith purchaser) superior in time or right to the Prepetition Secured Parties properly perfected security interest in Debtor's personal property assets.

11. Further, because no Exhibit D Claimant can establish a valid priming lien, no Exhibit D Claimant has a prior rights to the proceeds of the Debtor's grain inventory (which have funded this case) over the rights of the Prepetition Secured Parties under their prior and superior security interests.

12. The Prepetition Secured Parties reserve all rights to amend, modify, and supplement this supporting brief and/or file replies to any responses thereto, as well as to assert other and further arguments at any hearing on the Debtor's Omnibus Objection or the §557 Claims or Procedures, and to object on any additional bases to the Objected Claims. Nothing in this

supporting brief is intended or shall be deemed to constitute (a) an admission as to the validity of any §557 Claim; (b) a waiver of any right of the Prepetition Secured Parties to dispute any §557 Claim on any other grounds; (c) a promise or requirement to pay any §557 Claim; (d) an implication or admission that any particular §557 Claim is of a type specified or defined in the Debtor's Omnibus Objection or any order granting the relief requested by the Debtor's Omnibus Objection; or (e) a waiver of any right of the Prepetition Secured Parties under the Bankruptcy Code or any other applicable law.

Dated: March 10, 2026

Respectfully submitted,

BMO BANK N.A., as administrative agent and collateral agent for certain revolver loan lenders and term loan lenders

By: /s/ *James P. Sullivan*

James P. Sullivan (6256746)
CHAPMAN AND CUTLER LLP
320 S. Canal Street
Chicago, Illinois 60606
(312) 845.3445 Phone
(312) 516.1445 Fax
jsullivan@chapman.com

Sam P. King
CROKER HUCK
2120 South 72nd Street, Suite 1200
Omaha, Nebraska 68124
(402) 391.6777 Phone
sking@crokerlaw.com

*Attorneys for BMO Bank N.A., as administrative and collateral agent*

I hereby certify that on March 10, 2026, the foregoing **Prepetition Secured Parties' Joinder to and Brief in Support of Debtor Hansen-Mueller Co.'s Omnibus Objection to Certain Claims Filed Pursuant to 11 U.S.C. § 557 Procedure**s was electronically filed through the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants, including the following attorneys of record:

Brian J. Koenig
Koley Jesssen, P.C.,L.L.O.
Brian.koenig@koleyjessen.com

*Counsel for Debtor*

Mark S. Indelicato
Joseph Orbach
Mark T. Power
Jacob Tyler Schwatz
Thompson Coburn LLP
Mindelicato@thompsoncoburn.com
jorbach@thompsoncoburn.com
jtschwartz@thomsoncoburn.com

Elizabeth M. Lally
Lally Legal Group, LLC
Elally@lally-legal.com

*Counsel for the Committee*

Jerry L. Jensen
Acting United States Trustee
Roman L. Hruska U.S. Courthouse
Jerry.l.Jensen@usdoj.gov

David R. Langston
Mullin Hoard & Brown, LLP
Dlangston@mhba.com

*Counsel for Texas Producers*

James Ewing
Dry Law PLLC
jewing@drylaw.com

*Counsel for Sureties*

Benjamin E. Moore
Rembolt Ludtke LLP
bmoore@remboltlawfirm.com

*Counsel for Alan Bonifas*

Michal J. Marsiglia
Berrigan Litchfield, LLC
mmarsiglia@berringlaw.com

*Counsel for Louisiana Department of Agriculture and Forestry*

Lance H. Cochran
Kennedy Berkley, P.A.
lcochran@kenberk.com

*Counsel for Mylan Gehle, Mcilnay Farms, Siefker Farms, Inc., Michael and Amanda Juenemann*

Steven T. Mulligan
Coan, Payton & Payne LLC
smulligan@cp2law.com

*Counsel for Paoli Farmers Co-operative Elevator Company*

Stan Bachman
Bachman Law LLC
sbachman@bachmanlawkc.com

*Counsel for River Bottom Farms LLC*

Bret F. Mangan
Moser & Mangan Law Office
Bret.moserlaw@gmail.com

*Counsel for Ross Townsend*

Meghan Sullivan
msullivan@solovievgroup.com

*Counsel for Weskan Grain, LLC*

Mike T. Gustafson
Faegre Drinker Biddle & Reath LLP
Mike.gustafson@faegredrinker.com

*Counsel for Bunge Canada Inc.*

Michael D. Samuelson
Reynolds, Korth & Samuelson, P.C. L.L.O.
mds@rkslawoffice.com

*Counsel for EFTA Farms, Inc.*

Logan Moore
Velde Moore, Ltd.
logan@veldemoore.com

*Counsel for BB Sczepanski LP*

Jarrod R. Steele
Steven L. Ekman, P.C.
jarrod@stevenekmanlaw.com

*Counsel for Tyler Narloch*

R.J. Shortridge
Perry Guthery Haase & Gessford, PCLLO
rshortridge@perrylawfirm.com

*Counsel for Michael and Cole Bilbro, Campbell Farming, Double J Farms, E&J Farms*

Carly L. Bahramzad
Baylor Evnen Wolfe & Tannehill, LLP
cbahramzad@baylorevnen.com

*Counsel for Danielski Harvesting & Farming*

Kenneth W. Wasserman
Norton, Wasserman, Jones & Kelly, L.L.C.
kww@nwjklaw.com

*Counsel for McDougal-Sager and Snodgrass Grain, Inc.*